Chittenden, J.
The plaintiff in' this action seeks to establish by parol evidence a trust in certain real estate that had been deeded by his mother to his father, one of the defendants herein, by a deed absolute. It is claimed that this deed was made upon consideration that the property was to be held by the defendant, James W. McCord, during hi's lifetime, and to be by him willed to his children and grandchildren, in certain proportions.
One of the defenses interposed is that this action is barred by a former adjudication between the parties. This former suit between the parties is admitted, but it is claimed that it does not-amount to a bar to the prosecution of this action. In the *130 former action the plaintiff herein sought to have the same deed that is in question in this action set aside, on the ground that at the time of its execution his mother was mentally incompetent to execute the same, and that its execution was obtained through the undue influence and coercion of the grantee, his father. The result of the former trial was an adjudication by the court that the grantor was of sound mind, that no imposition was practiced upon her, and that the execution of the deed was her free and voluntary act and conveyed to the grantee an estate in fee simple. This judgment was affirmed by the supreme court.
Among other averments, the petition contained the allegation that the mother died intestate and' seized in fee simple of the property. This was denied by the answer, and the court found, upon all the issues joined, in favor of the defendant. This was a finding in favor of the defendant upon the issue thus raised as to the title of the mother. Manifestly, if the mother was not the owner of the property and the real estate was in fact the property of the defendant, then the conveyance from the wife to her husband was -only transferring to him the property that belonged to him. The petition in the former case contained a prayer for all relief that the plaintiff might be entitled to in the premises, and in the journal entry in that case appears the following language: “It is therefore considered, adjudged and decreed that the petition of the plaintiff be and the same is hereby dismissed at the costs of the plaintiff, and that the plaintiff be, and the same is hereby denied any and all reli *131 and that the defendants recover from the plaintiff their costs,” etc.
The only evidence presented by the plaintiff in this case is certain admissions made by the defendant in a deposition taken in the former action and certain admissions made by him while testifying as a witness in the former action. There is, therefore, no evidence presented in this case that was not before the court at the former trial.
It is well settled in this state that where a party is called upon to make good his cause of action, or establish his defense, he must do so by all proper means within his control, and that all matters of action and defense coming properly within the scope of the suit or action will be put at rest by the final determination of the action or suit, unless excepted by some provision of law. Strangward v. The American Brass Bedstead Co., 82 Ohio St., 121; Petersine v. Thomas, 28 Ohio St., 596; The Covington & Cincinnati Bridge Co. v. Sargent, 27 Ohio St., 233; Roby v. Rainsberger, Id., 674; and Werner v. Cincinnati, 3 C. C., N. S., 276, affirmed, without opinion, 70 Ohio St., 455.
The cases just cited are to the effect that when a matter is finally determined in an action between the same parties, by a competent tribunal, it is to be considered at an end, not only as to what was determined, but also as to every other question which the parties might have litigated in the case. The title to this property was the subject of inquiry in the former action, and it was the duty of the plaintiff to set up in that case every claim he had that in any wise affected the defendant’s title, and if he failed to do so he could not thereafter *132 have the question litigated in a subsequent action. We find that the former adjudication is a bar to the prosecution of this action.
This conclusion makes it unnecessary for us to pass upon the other questions presented in argument.
The decree will be in favor of the defendant, dismissing the petition at plaintiff’s costs.

Petition dismissed.

Ricpiards and Kinkade,’ JJ., concur.
Judges of the _Sixth Appellate District, sitting in place of Judges Jones, Jones and Gorman of the First Appellate District.