Common Pleas Court of Hamilton County.

## P. V. & K. COAL CO. v. CAPITAL CITY FUEL CO.

Decided February 16, 1933.

*Stuart A. Ducker, Edward Lee Meyer,* for demurrer.
*Powers & Herron, contra.*

DARBY, J.

The plaintiff (a Delaware corporation) brought suit against the defendant (an Indiana corporation) on an account for coal sold and delivered in the sum of $4,142.87. A copy of the account is attached to the petition. The account set forth contains items of shipments of coal during January and February 1931.

An affidavit in garnishment was filed, and the garnishee on April 8, 1931 answered that it was indebted to the defendant in the sum of $2,163.83.

No service was had upon the defendant, and no jurisdiction obtained of it except as to the property garnisheed in the hands of the railroad company.

The answer consists of a general denial in the first defense.

The second defense against which the demurrer is filed sets up recovery on the identical claim in the Superior Court of Marion county, Indiana. Said defense sets forth that after the filing of the amended answer by the railroad company, the plaintiff filed an action against the defendant in the Indiana court, for the recovery of a supposed bal-

ance due on the account for coal sold and delivered by plaintiff to defendant in January, February and March, 1931, the identical account set forth in this petition except for some deliveries made in March. The balance on said account is reached by a statement showing total charges of $4,612.25 for said shipments, and from said total the plaintiff deducted $2,163.83 representing the amount of money owing by the B. & O. Railroad company, garnishee, as disclosed by its answer, leaving a balance claimed by the plaintiff in the Indiana action of $2,448.42 plus interest. It is further alleged that the Indiana court then had, under the laws of Indiana, jurisdiction of said action and of the person of the defendant. Said cause proceeded in the usual course; the defendant was required to answer, which it did denying all the allegations of plaintiff's petition; said court heard the case and rendered final judgment for plaintiff in the sum of $2,448.42. Said judgment is unappealed from and unreversed. That defendant paid said judgment. It is alleged by defendant, that—

"By reason of the facts hereinbefore set forth, the account upon which recovery in the within action is sought was merged in said Indiana judgment which has been fully paid and satisfied."

The demurrer to the second defense is general in form.

For the purposes of the demurrer, the facts set forth in said defense are admitted.

The defendant in this case claims that the judgment rendered on this account in Indiana is a bar to the further prosecution of this action, upon the theory that the Indiana court had full jurisdiction of the subject matter, and the defendant in the case; that that action was an action *in personam;* that the plaintiff could not split its cause of action, but having done so, it is barred from recovery in this action.

What the plaintiff did then was to bring two suits, one in this court which under the law was a proceeding *in rem,* and gave jurisdiction to this court only to the extent of property of the defendant found in its jurisdiction. No judgment has ever been taken in this court. Plaintiff then went into the Indiana court and treating the attach-

ment as a credit on its full claim, brought a suit for the balance of the claim.

Practically, therefore, the matter is in this situation: The plaintiff sued in Indiana for a part of its claim, and recovered a judgment in an action *in personam*. It now claims the right to proceed in this court to recover the balance of its single cause of action, based upon jurisdiction secured by the attachment.

The courts of this state from the earliest days have never deviated from the principle that one may not bring multitudinous suits based upon one cause of action.

In *Covington & Cincinnati Bridge Co.* v. *Sargent*, 27 O. S., 233, the general rule is stated as follows:

"1. In a judicial proceeding in a court of record, where a party is called upon to make good his cause of action or establish his defense, he must do so by all the proper means within his control, and if he fails in that respect *purposely or negligently*, he will not afterwards be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties." (Italics ours) See also, to the same effect: *McCord* v. *McCord*, 28 O. C. A., 137; *Hull* v. *Norris, Excr.*, 30 O. C. A., 291; *Peterstein* v. *Thomas*, 28 O. S., 596; *Swensen & Sears* v. *Cresap*, 28 O. S., 668; *Martin et al* v. *Rooney*, 41 O. S., 141; *Strangward* v. *Bedstead Co.*, 82 O. S., 121; *Crawford, Admr.* v. *Ziegler*, 84 O. S., 224; *Condon* v. *Condon*, 30 O. S., 595.

In *Oil Well Supply Co.* v. *Koen*, 64 O. S., 422, the court on page 428 say:

"It is fundamental that a valid judgment rendered on a demand establishes it in the most authentic form known to the law, and the demand so merged in the judgment cannot be made the basis of another action between the same parties; thereafter the judgment is a new debt of a higher nature, which may itself be the foundation of an action."

The principle stated is of such uniform recognition that it may be taken to be the rule in all courts in such cases. In the Indiana court therefore, it was the right of the plaintiff to have brought its suit for the full amount of its claim. It was its duty to do so. There was no right upon which it could "split" its cause of action and only seek a

recovery of a part of it in Indiana. Had it recovered a judgment in this court, and if it had satisfaction to the extent of the property in the garnishee's hands, it could properly have sued in the Indiana court for the balance. (See *Oil Well Supply Co.* v. *Koen, supra.*) But it had no judgment in this court, nor had it any satisfaction in whole or in part of its claim. Had it brought suit for the full amount and been unable to collect the full amount in the Indiana case, it would still have had its jurisdiction here to the extent of the property in the hands of the garnishee.

A running account constitutes but one cause of action. That seems to be the idea of the plaintiff for the reason that what it sought to do in the Indiana case, was to claim a balance upon the entire account.

In *Hommel & Co.* v. *Woodsfield*, 115 O. S., 675, 681, the court say:

"The great weight of authority holds that where a mutual running account exists between parties, a cause of action does not exist with reference to each item of the account, but only as to the balance that may be due to one or the other of the parties, and it exists in favor only of the party in whose favor the balance is due. 1 R. C. L., 357.

"There is a presumption that all transactions between the same parties are part of the same account and constitute one cause of action. 1 R. C. L., 357, note 8; *Gilbert* v. *Board of Education City of Newton*, 45 Kan., 31, 25 P., 226; *Gaddis* v. *Williams*, 81 Okl., 289, 198 P., 483." See also *James* v. *Allen County*, 44 O. S., 226; 15 R. C. L., 967; 34 C. J., 832; 1 O. Jur., 173, 178.

The conclusion having been reached that the plaintiff had but one cause of action against the defendant, and the fact being that it has had satisfaction of the judgment rendered in the Indiana court, may it recover another judgment based on the same claim in this court?

It is quite evident that the plaintiff made two fundamental mistakes—

First: In suing in Indiana for a part of the account when it claimed that the whole account was due;

Second: In treating the answer of the garnishee as though that were a satisfaction of part of its claim.

In *Ewing* v. *McNairy & Clafflin*, 20 O. S., 315, Welch,

J., in speaking of the effect of the judgment, says on page 322:

"By the first action the subject matter had become *res judicata*. The judgment in that action was a bar to any future action unless it could be avoided for some fraud or default of the defendant, or at least for some mutual mistake of the parties. No such fraud or mistake is alleged. The plaintiffs simply seek relief against their own carelessness or that of their attorney, without showing any fault or omission by the adverse party. Such relief the law never administers. By refusing to relieve parties against the consequences of their own neglect, it seeks to make them vigilant and careful. On any other principle there would be an end to all vigilance and care in its preparation and trial." See also *James* v. *Allen County, supra.*

In *Covington & Cincinnati Bridge Co.* v. *Sargent, supra,* it is stated that failure to set forth the entire claim, whether "purposely or negligently," will defeat another action on the same claim.

Does the fact that the action in Indiana was instituted after this suit was brought, and the garnishee had answered alter the position of the plaintiff in this case?

The general rules applicable to this situation are best stated in 2 Freeman on Judgments, Section 601:

"No demand included in the plaintiff's complaint or in the defendant's set-off or counter-claim can be allowed if at any time before its allowance or during the pendency of the action it has been taken into account in forming a judgment in another action between the same parties, whether the action in which the judgment was entered was commenced before or after the pending suit. The judgment which first becomes final is an estoppel or bar in the other action."

*Ib.* Section 719:

"Where two actions involving the same issue or issues between the same parties or their privies, are pending at the same time so that a final judgment in one will be *res judicata* or a bar in the other, when the judgment in one becomes final, it may be urged in the other by appropriate proceedings, regardless of which action was begun first. It is the first final judgment, although

it may be in the second suit, that renders the matter *res judicata* in the other suit."

3 Freeman on Judgments, in the chapter on "Sister States and Federal Judgments," Section 1394:

"A judgment in any state or Federal court upon valid personal service, being regarded as a debt of record and as entitled to full faith and credit, is a merger in every part of the United States, in the same manner as in the state where it was rendered, even though it would not have been entitled to such an effect had it been a domestic judgment. Thus, a judgment against one of several joint obligors will merge the whole obligation and bar an action against the others if that be its effect where rendered, though a domestic statute allows a second action against the other debtors. * * * But generally, a judgment on the merits in one state will bar another action on the same cause of action in a sister state. If actions are simultaneously pending upon the same cause of action in different states, a judgment in either will bar the further prosecution of the other. *This rule is inflexible and yields to no circumstance of hardship or inconvenience. Its application is not averted by the pendency of an appeal in some jurisdictions, nor by the fact that the defendant has property in the state where the action is still pending but none in the state where judgment has been given.*" (Italics ours)

In 34 C. J., Chapter on Judgments, under the heading, "Merger and Bar of Cause of Action," it is said, Section 1605, (page 1130) :

"Except as otherwise provided by statute, the recovery of a judgment in one state merges the original cause of action, so that it cannot thereafter form the basis of a fresh suit in another state. To effectuate such a merger the judgment rendered must be a valid and subsisting one, rendered on the merits by a court having jurisdiction of the subject matter and the parties. Under the same conditions, where plaintiff, after commencing an action in one state, sues defendant on the same claim in another state and obtains a valid judgment against him, that judgment will constitute a bar to the further prosecution of the action first brought."

In *Whiting* v. *Burger*, 78 Me., 287, the facts as found by the court were:

"The plaintiffs were residents of Massachusetts and the defendants were residents of New York. This action was commenced September 12, 1884 by attachment of the defendants' property in this state. January 9, 1885 the plaintiffs commenced another action against the defendants for the same cause of action in the Supreme Court of New York, in which the defendants, having been duly summoned, appeared and judgment was rendered by said court on default, February 4, 1885 for the amount claimed in the complaint."

(It will be observed that the facts in this case are the same as those in that case.) It was held:

"A judgment of the Supreme Court of the city and county of New York, in favor of the plaintiffs is a bar to the further prosecution of an action in Maine between the same parties and for the same cause, although the action was pending in Maine when the other action was commenced in New York."

On page 293 the court say:

"We think the rule well settled that a judgment which is conclusive between the parties and a bar to another action for the same cause in the state where rendered, is by the Constitution of the United States, Article 4, Section 1, and the Act of Congress May 26, 1790, equally conclusive in every other state in the Union." (Cases cited.)

*Bank of North America* v. *Wheeler*, 28 Conn., 433, is another case very similar to the one at bar. The syllabus, so far as applicable, is as follows:

"A judgment recovered in a sister state is a bar to the further prosecution of an action pending at the time in this state, between the same parties, on the same cause of action.

"And it makes no difference that the judgment of the sister state has been appealed from, and that the appeal is still pending, where by the laws of that state such appeal operates only as a proceeding in error, and does not supersede the judgment.

"Nor that the action pending in this state has been commenced by an attachment and the claim secured by the attachment of the defendant's property.

"The judgment of a state court under the Constitution and laws of the United States has the same validity and effect in every other court of the United States that it has in the state where pronounced, and whatever plea would

be good to a suit thereon in such state and none other can be pleaded in any court in the United States."

Other cases on facts similar, supporting the rule as above set out, are: *McGilvray & Co.* v. *Avery,* 30 Vt., 538; *Barnes & Drake* v. *Gibbs,* 31 N. J. L., 317; *Child* v. *Eureka Powder Works,* 45 N. H., 547; *U. P. Ry. Co.* v. *Baker,* 5 Kan. App., 253; *Bank of U. S.* v. *Merchants Bank of Baltimore,* 7 Gill (Md.), 415.

The applicability to the case at bar of the authorities cited will be seen when it is remembered that the second defense sets forth that the Indiana action was brought upon the same cause of action, that the defendant was a resident of Indiana, that personal service was had upon it, that it appeared in said court, controverted the claim and the court rendered final judgment in favor of the plaintiff, which was satisfied.

The court is of the opinion that the second defense is a valid defense to the plaintiff's action, and that the demurrer should be and is overruled.