### KNIGHT v. TAYLOR.

(Filed September 30, 1902.)

1. JUSTICES OF THE PEACE—*Jurisdiction—Sum Demanded—Constitution, Art. 4, Sec. 27—The Code, Sec. 835.*

   In a civil action founded on contract, the jurisdiction of a justice of the peace is determined by the sum demanded.

2. ACCOUNTS—*Verified Accounts—Acts 1897, Chap. 480.*

   An itemized account to be *prima facie* evidence of its correctness must be properly verified and stated so as to show an indebtedness.

ACTION by M. E. Knight against J. C. Taylor and others, heard by Judge *Francis D. Winston* and a jury, at April Term, 1902, of the Superior Court of PITT County. From a judgment for the plaintiff, the defendants appealed.

*F. G. James,* and *Jas. H. Pou,* for the plaintiff.
*Skinner & Whedbee,* for the defendants.

DOUGLAS, J.   This was a civil action, begun before a Justice of the Peace, from whose return on appeal we take the following statement:

"The plaintiff complained for balance due on an account for $1,000, for one-third interest in the stock of goods owned by J. C. Taylor & Co., which account was on the 29th day of March, 1899, transferred to and assigned to this plaintiff for full value, subject to a credit of $800 paid on said account, December 16, 1899, amount now claimed in this action being $200, interest and cost.

"The defendant denied the justness of the claim, and plead to the jurisdiction of the Court the general issue payment and satisfaction, offsets and counterclaim."

The plea to the jurisdiction of the Court was apparently based upon the fact that, owing to the accumulation of in-

terest before the payment of the $800 credit, the principal of the account still remained over $200, exclusive of the interest thereon.

The Constitution of this State (Art. IV, Sec. 27) says: "The several justices of the peace shall have jurisdiction, under such regulations as the General Assembly shall prescribe, of civil actions founded on contract, wherein the *sum demanded* shall not exceed two hundred dollars." Also, The Code, Sec. 834; *Martin v. Goode,* 111 N. C., 288, 32 Am. St. Rep., 799.

It is the sum demanded in good faith that determines the jurisdiction, and if that sum, exclusive of interest thereon, does not exceed $200 in an action on contract, the jurisdiction of the justice attaches, because the plaintiff can not recover more than he has demanded. If, however, the principal sum exceeds $200, the action can be brought within the jurisdiction of the justice under the provisions of section 835 of The Code, by the plaintiff formally remitting all in excess thereof. This is in effect simply a reduction by the plaintiff of the sum demanded down to the jurisdictional limitation.

However, the defendants contend that the justice had no jurisdiction, because the evidence disclosed that the account sued on was more than $200, and that the plaintiff did not formally remit the excess. This contention can not be sustained. It is not what the plaintiff might be entitled to recover if he were suing in another Court, but the amount he is demanding that determines the jurisdiction by the express words of the statute, as well as of the Constitution.

By his own action he has limited his possible recovery to the sum demanded, and has, in legal effect, certainly as far as this action is concerned, remitted the excess by necessary implication. The cases of *Brantley v. Finch,* 97 N. C., 91, and *Cromer v. Marsha,* 122 N. C., 563, are directly in point.

Upon the trial, the first evidence introduced by the plaintiff was a verified account, which is as follows: "J. C. Taylor, W. A. Taylor and F. B. Knight—March 28, 1899, to one-third interest in stock of goods, known as J. C. Taylor & Co., $1,000. Interest at 6 per cent from date, December 16, 1899, by cash, $800."

"M. E. Knight, being duly sworn, says that the above account is correct and just, and that no part has been paid except $800, paid December 16, 1899, and that there is still due and unpaid $200 and interest; that the said account is her property, and was transferred to her and delivered to her on March 29, 1899. (Signed) M. E. Knight. Sworn to before me, S. T. Carson, J. P." "On the back of this account was written the following words in the handwriting of F. B. Knight: 'March 29, 1899, I transfer all my right and title to this claim to M. E. Knight without recourse on me.'" To the introduction of this evidence, the defendant objected. We think the objection should have been sustained. The Act of 1897, Chap. 480 of the Public Laws, makes an itemized statement of an account, properly verified, *prima facie* evidence of its correctness. This clearly can apply only where accounts are not only properly verified, but are properly stated so as show an indebtedness. The act simply makes such an account *prima facie* evidence of what it professes to show; but if it shows nothing, then it is irrelevant. That before us does not profess to show the relation of debtor and creditor between anyone. J. C. Taylor, W. A. Taylor and F. B. Knight are all placed in one class as debtors, but to whom does not appear. M. E. Knight now claims to own the account, not as original creditor, but by assignment from F. B. Knight, one of the apparent debtors. We may infer from the evidence, which is by no means clear, that the Taylors bought Knight's interest in the common stock of goods at the price named in the account, but it does not say so.

We think that for an account to be introduced as substantive evidence, it must upon its face tend to prove some material fact at issue. We doubt whether this account can be brought under the Act of 1897, because it is neither "itemized" nor is it "for goods sold and delivered"; but in any event, we think that it was irrelevant, and therefore should have been excluded.

New Trial.