## ALBAUGH BROS. DOVER CO. v. WHITE.

No. 406.   Opinion Filed March 8, 1910.

(108 Pac. 360.)

1.   JUSTICES OF THE PEACE—Jurisdiction—Amount in Controversy.  In a civil action for the recovery of money only, commenced before a justice of the peace, the bill of particulars showing that the amount due by the defendant to the plaintiff exceeds $100, but the plaintiff claiming or asking judgment thereon for only $100, which amount was within its jurisdiction, such justice had jurisdiction of such action.

2.   CONSTITUTIONAL LAW—Retroactive Operation — Jurisdiction —Appeal.  The district court of Oklahoma Territory, on appeal from a judgment, acquired jurisdiction.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; W. M. Bowles, Trial Judge.*

Action by J. A. White against the Albaugh Bros. Dover Company.  Judgment for plaintiff.  Defendant brings error.  Affirmed.

*Harris & Wilson,* for plaintiff in error
*Jno. H. Wright,* for defendant in error.

WILLIAMS, J.  On the 28th day of February, 1906, the defendant in error, as plaintiff, commenced his action against the plaintiff in error, as defendant, by filing a bill of particulars before J. J. Beall, a justice of the peace of Oklahoma City township, Oklahoma county, Okla. T., showing that the defendant was due him the sum of $106.50, but making claim or demand thereon for recovery of judgment for only $100.  Judgment was rendered in favor of plaintiff for the sum of $87.50 and costs, which were taxed in the sum of $9.70.  An appeal was prosecuted to the district court of said county.  On the 3d day of April, A. D. 1908, the plaintiff, first having obtained leave of the court, amended by interlineation his bill of particulars by inserting, in lieu of the said $106.50 alleged to be due, the sum of $91.50, and his demand

or prayer for judgment or recovery was likewise amended to read $91.50, instead of $100. Thereupon defendant's motion to dismiss for want of jurisdiction was overruled. It is now urged that the court erred in not sustaining said motion.

Section 4929, Wilson's Rev. & Ann. St. 1903, par. 2. provides:

"Under the limitations and restrictions, herein provided, justices of the peace shall have original jurisdiction of civil actions for the recovery of money only, and to try and determine the same where the amount claimed does not exceed one hundred dollars."

In the case of *Everette Piano Co. v. Bash,* 31 Ind. App. 498, 68 N. E. 329, it is held:

"Under Burns' Ann. St. 1901, § 1500, conferring on justices of the peace original jurisdiction in actions of contract or tort where the debt or damages claimed, or the property sought to be recovered, does not exceed $200, where a complaint for breach of warrant of a piano avers that plaintiff had incurred expenses for its repair amounting to $75, and that the instrument, if equal to the guaranty, would be worth $400, whereas it was not worth exceeding $125, by reason of which he was damaged $200, and prays judgment for such sum, the justice of the peace has jurisdiction, as plaintiff was bound by his claim for damages."

See. also, *Elgin v. Mathis,* 9 Ind. App. 277, 36 N. E. 650.

In the case of *Brunson v. Furtick,* 72 S. C. 579, 52 S. E. 424, section 21, art. 5, of the Constitution of 1895, providing that "magistrates shall have jurisdiction in such civil cases as the General Assembly may prescribe, provided where the value of the property in controversy or amount claimed exceeds one hundred dollars," etc., was construed, and it was held that the magistrate had jurisdiction to entertain an action where the amount involved exceeded the jurisdictional amount, in case the amount *claimed* did not exceed the jurisdiction.

See, also, to the effect under similar statutes that the amount *claimed,* and not the *amount due,* on the subject-matter determines the jurisdiction of the justices of the peace: *Brantly v. Finch, Adm'r,* 97 N. C. 91, 1 S. E. 535; *Knight v. Taylor et al.,* 131 N. C. 84, 42 S. E. 537; *Ferguson v. Reiger,* 43 Or. 505, 73 Pac. 1040; *McCormick Har. Mac. Co. v. Marchant et al.,* 11 Utah, 68, 39

Pac. 483; *Georgia Railway & Electric Co. v. Knight,* 122 Ga. 290, 50 S. E. 124; 2 Current Law, p. 653. As to same constituting a *remittitur,* see *Davis v. Bedsole,* 69 Ala. 364; *Hanna v. Morrow,* 43 Ark. 107.

This action having been commenced and tried in a justice court, and an appeal perfected in the district court prior to the erection of the state government, it is not necessary to determine whether or not the same rule would apply as to section 18, art. 7, of the Constitution of Oklahoma, which provides that courts of justices of the peace shall have concurrent jurisdiction with the county court in civil cases where the *amount involved* does not exceed $200 exclusive of interest.

The judgment of the lower court is affirmed.

All the Justices concur.