## GADDIS v. WILLIAMS et al.

No. 9888—Opinion Filed May 17, 1921.

(Syllabus.)

**1. Action—Separate Causes of Action—Suit on Series of Notes.**

In an action on a series of promissory notes each note constitutes a separate cause of action.

**2. Same—Splitting Cause of Action—Justices of the Peace.**

Though several notes were given in consideration of one transaction and the notes all mature before an action is brought to recover on any of them, the holder of the notes may bring his action in the justice court on one or more of the notes, so that the aggre-

gate amount does not exceed the jurisdiction of the justice of the peace, and the fact that all of the notes are due does not constitute a splitting of the cause of action.

**3. Justices of the Peace—Appeal—Trial De Novo—Jurisdiction.**

Where two separate actions are brought by the same plaintiff against the same defendant in the justice court and each action is appealed to the district court, the actions are tried de novo and the district court does not have any greater or different jurisdiction than is conferred on the justice court.

**4. Same—Consolidation of Actions on Appeal—Amount of Judgment—Validity.**

Where the district court consolidates such actions so appealed and renders a judgment for an amount in excess of the jurisdiction of the justice court, held, that the district court did not have jurisdiction to render such judgment, and the same is void.

Error from District Court, Washington County; R. B. Boone, Judge.

Two separate actions in justice court by J. J. Williams and J. Matt Gordon against Bert L. Gaddis, on 12 separate promissory notes. Judgment for plaintiffs, and defendant appealed to the district court, where the two separate actions were consolidated and judgment rendered against the defendant, and he brings error. Reversed and remanded.

Rowland & Talbott, for plaintiff in error.

Chas. W. Pennel and Eugene Forbes, for defendants in error.

MILLER, J. This action was commenced in the justice court of J. E. Hickey, a justice of the peace of Bartlesville township, Washington county, by the plaintiffs, J. J. Williams and J. Matt Gordon, filing two separate actions in the justice court against Bert L. Gaddis. Each one of these actions was brought on six separate causes of action to recover on six separate promissory notes of $25 each, except one note, which was for $33. In each action pending in the justice court judgment was rendered for the plaintiffs and against the defendant. The defendant appealed each of said cases to the district court of Washington county and, as so appealed, they became cases No. 4505 and No. 4506. The district court of Washington county, over the objection of the defendant, made an order consolidating the two cases and rendered judgment for the sum of $308 and interest. The defendant filed motion for a new trial, which was overruled, saved his exceptions to all the proceedings of the court, and perfected this appeal. For convenience, the parties will be referred to as they appeared in the court below.

The defendant makes five assignments of error. In the first assignment of error the defendant complains that the giving of the several notes arose out of one transaction and exceeded the jurisdiction of the justice of the peace, as the aggregate amount of the 12 notes was $308; that the bringing of two separate actions, when each and all of the notes were due, constituted a splitting of causes of action.

We do not agree with this contention. Each note was a separate cause of action. Bringing two separate actions on the 12 notes did not constitute a splitting of causes of action.

In Nesbit v. Independent District of Riverside, 144 U. S. 610, 36 L. Ed. 562, Mr. Justice Brewer, in stating the case, said:

"That all of the said five bonds and the coupons attached belong to the same series and were issued at the same time, under the same circumstances and part of the same transaction."

In the opinion he states:

"Now, the present suit is on causes of action different from those presented in the suit at Des Moines. Bonds 16, 17, and 18 were not presented or known in that suit; and while bonds 14 and 15 were presented, alleged to be the property of plaintiff, and judgment asked upon six coupons attached thereto, yet the cause of action in the six coupons is distinct and separate from that upon the bonds or the other coupons. Each matured coupon is a separable promise and gives rise to a separate cause of action. It may be detached from the bond and sold by itself. Indeed, the title to several matured coupons of the same bond may be in as many different persons, and upon each a distinct and separate action be maintained. So, while the promises of the bond and of the coupons in the first instance are upon the same paper, and the coupons are for interest due upon the bond, yet the promise to pay the coupon is as distinct from that to pay the bond as though the two promises were placed in different instruments, upon different paper." Reaves v. Turner, 20 Okla. 492, 94 Pac. 543; Albaugh Bros. Dover Co. v. White, 26 Okla. 24, 108 Pac. 360; Matheny v. Preston Hotel Co. (Tenn.) 203 S. W. 327.

The next assignment of error is that the district court erred in consolidating the two causes, and when so consolidated was without jurisdiction to render a judgment therein for the reason that it exceeded the jurisdiction of the justice court. We agree with counsel's contention on this question.

Section 5467, Revised Laws of Oklahoma, of 1910, relating to appeals from justice courts, provides in part as follows:

" * * * No notice of appeal shall be required to be filed or served, and the case shall be tried de novo in the appellate court upon the original papers on which the cause

was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed."

In the case of Hesser v. Johnson, 13 Okla. 53, 74 Pac. 320, we quote paragraph one of the syllabus:

"Where an action is appealed from a justice of the peace to the district court, the district court takes merely appellate jurisdiction and no original jurisdiction, and can hear and determine the case only as a case within the jursidiction of a justice of the peace."

In the case of Matheny v. Bank of Nashville, 61 Okla. 123, 160 Pac. 92, this court said:

"The jurisdiction of the county court upon appeal from a replevin action in the justice's court must be determined by the laws in force applicable to the jurisdiction of a justice's court, as the county court upon appeal can acquire no greater jurisdiction than that possessed by the justice's court."

Section 5352, Revised Laws of Oklahoma, 1910, provides in part as follows:

"Under the limitations and restrictions herein provided, justices of the peace shall have original jurisdiction of civil actions for the recovery of money only and to try and determine the same where the amount claimed does not exceed two hundred dollars."

Under the provision of the statute, the justice of the peace could not have rendered judgment for $308 and interest. The district court, on the appeal, could not acquire any greater or different jurisdiction than the justice of the peace had.

While the authorities above cited do not decide the question presented here, the principles therein laid down are applicable, and it is clear to us that the district court committed reversible error in consolidating the two actions and rendering judgment for an amount in excess of the jurisdiction conferred upon the justice courts. If the plaintiffs had desired that one judgment should cover the entire amount they claimed to be due, the district court was open for them to bring their action in that court in the first instance.

As this case will have to be reversed and sent back for a new trial, it is probable that the other errors complained of will not again occur, therefore it is not necessary to pass upon them at this time.

The judgment of the district court of Washington county is reversed and cause remanded, with instructions to grant a new trial in accordance with the views herein expressed.

JOHNSON, ELTING, KENNAMER, and NICHOLSON, JJ., concur.