## STOUT v. IDLETT.

No. 21490. Opinion Filed Dec. 13, 1932.

S. A. Denyer, for plaintiff in error.

J. E. Thomas, for defendant in error.

CULLISON, J. Plaintiff, J. A. Idlett, instituted suit in a justice of the peace court against defendant, Josie A. Stout, in two causes of action, for the aggregate sum of $200 for labor by himself and son, and for alleged damage to crops by failure of the defendant to supply a team for working the land in accordance with the lease contract.

Plaintiff, in his bill of particulars, sets out the amounts of the various items claimed owing to him by defendant, which amount in the aggregate to $201.65, but in his prayer for judgment he seeks to recover $200 only and costs.

The justice of the peace rendered judgment for plaintiff in the sum of $200 only and costs, from which judgment defendant appealed to the county court of Creek county. The county court rendered judgment in favor of plaintiff for $200 only and costs, from which judgment the defendant appeals to this court. The parties will be referred to as they appeared in the lower court.

Defendant contends that the justice court, from which the case was appealed, and therefore the county court rendering the judgment was without jurisdiction, for the reason that the aggregate amount set out

in plaintiff's bill of particulars exceeded the sum of $200.

Under the provisions of section 1005, C. O. S. 1921 [O. S. 1931, sec. 987] it is provided that when the amount due to either party exceeds the sum for which the justice is authorized to enter judgment, such party may remit the excess, and judgment may be entered for the residue.

In 35 C. J. 524, "Justices of the Peace," sec. 92 (g),it is said:

"Remission or Abandonment of Part of Claim: As a general rule a plaintiff may, in order to bring his claim within the jurisdiction of a justice, remit or abandon a part thereof, if, as held by some authorities, the claim is unliquidated, and the part sought to be remitted is severable and plaintiff may likewise remit the interest on his claim; and where the sum demanded is within, it is immaterial that the evidence shows an indebtedness beyond the jurisdiction, since in such cases a remission will be implied. But where the sum demanded exceeds the justice's jurisdiction, the excess must be remitted of record."

In the case of Knight v. Taylor, 131 N. C. 84, 42 S. E. 537, infra, it was held that it was not necessary that plaintiff formally remit the excess, the jurisdiction being determined by the sum demanded; that by plaintiff's own action he has limited his possible recovery to the sum demanded, and has in legal effect remitted the excess by necessary implication.

In the case of Albaugh Bros. Dover Co. v. White, 26 Okla. 24, 108 P. 360, this court held:

"In a civil action for the recovery of money only, commenced before a justice of the peace, the bill of particulars showing that the amount due by the defendant to the plaintiff exceeds $100, but the plaintiff claiming or asking judgment thereon for only $100, which amount was within its jurisdiction, such justice had jurisdiction of such action."

The court further held in said case that the district court of Oklahoma Territory, on appeal from such a judgment, acquired jurisdiction. The court also cited with approval the case of Knight v. Taylor, discussed supra.

In the case of Phillips v. Musson, 151 Okla. 155, 2 P. (2d) 1032, Justice Andrews, speaking for the court, held:

"The jurisdiction of a justice of the peace in an action for the recovery of a money judgment on a promissory note is not to exceed $200 and the costs of the action. The amount claimed therein, and not the amount due, as shown by the allegations of the bill of particulars, is controlling. Where the amount due, as shown by the bill of particulars, is in excess of $200, the excess may be waived and a judgment not exceeding $200 and costs may be rendered.***"

We think that, under the allegations and prayer of the bill of particulars in the case at bar, and the wording of the summons to notify defendant that she was being sued by plaintiff for $200 only and costs, the justice court had jurisdiction of the subject-matter of the action, and that the judgment of that court was within its jurisdiction and valid.

On appeal to the county court the cause stood for trial de novo. Since the justice court had jurisdiction of the subject-matter, the county court acquired jurisdiction of the subject-matter through the perfecting of the appeal thereto by the defendant. The county court sustained the action of the justice court by rendering judgment for $200 only and costs. Said judgment was within its jurisdiction and valid.

It is contended by defendant that the judgment exceeded the jurisdiction of the justice and county courts for the reason that said judgment rendered for $200 took into consideration counterclaims of defendant, at least a part of which were admitted to be due defendant, and therefore the judgment as rendered involved more than $200, but from a careful examination of the record we think it plain that defendant waived all her rights to urge such a plea by abandoning her set-off, counterclaim, answer and cross-petition as to all amounts in excess of whatever the jury might find due the plaintiff, which amount could in no event exceed the judgment of $200 asked by the plaintiff, and the court properly instructed the jury on this point.

Defendant's second and third assignments of error are that the court erred in overruling defendant's demurrer to the testimony of plaintiff offered in support of his first and second causes of action. We observe that defendant did not stand on her demurrer when the same was overruled by the trial court, but put in her evidence, and after the parties had finally rested, did not move for a directed verdict. This court passed upon such a contention, adverse to defendant, in the case of Local Building & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P. (2d) 156, and held:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer, but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of plaintiff."

Defendant's last contention is that the verdict and judgment is not sustained by sufficient facts. The record discloses that there is sufficient competent evidence reasonably tending to sustain the verdict of the jury. Consequently, this court will not disturb the findings of the jury thereon. Advance-Rumely Thresher Co., Inc., v. Alexander, 156 Okla. 150, 9 P. (2d) 934.

The judgment of the trial court is affirmed.

Plaintiff having requested that judgment be rendered upon the supersedeas bond in said cause, it is hereby ordered that the plaintiff have and recover from defendant, Josie A. Stout, and O. L. Coonrod, C. M. Lorette, and F. W. Coonrod, the amount of the principal judgment and costs.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, Mc-NEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1) 16 R. C. L. 357. (6) 2 R. C. L. 193, 194; R. C. L. Perm. Supp. p. 367; R. C. L. Pocket Part, title "Appeal," § 167.