## MID-CONTINENT LIFE INSURANCE CO. v. BEAN.

No. 24867.   Jan. 19, 1937.

Rehearing Denied March 16, 1937.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Williams & Williams, for defendant in error.

CORN, J. On August 16, 1932, Sarah C. Bean, defendant in error, instituted this action in the district court of Carter county against the Mid-Continent Life Insurance Company, to recover certain sums alleged to be due her under the following provisions of "permanent total disability clause" of an insurance policy issued to her by said company, which in part is as follows:

"Section A. Permanent Total Disability. After one full annual premium shall have been paid upon this policy and before a default in the payment of any subsequent premium, if the Insured shall furnish the Company with due proof that he has since such payment and before having obtained the age of sixty years become wholly disabled by bodily injuries or disease, not occasioned by military or naval service or participation in aeronautic or submarine expeditions or operations, and will be presumably, thereby permanently, continuously and wholly prevented from engaging in any occupation or employment whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days, then

"1. Waiver of Premium—Commencing with the anniversary of the policy next succeeding the receipt of such proof, the Company will on each anniversary waive payment of the premium for the ensuing insurance year.

"2. Life Income to Insured—Six months after receipt of such proof, the Company will begin to pay to the Insured a monthly income of one per cent. of the face amount of this Policy, which income will be continued during the life-time and continued disability of the Insured. Interest on any indebtedness on this policy shall be deducted from each monthly income payment. The premiums so waived, and the disability income so paid shall not be deducted from the amount payable at death nor shall they impair the loan or surrender values, if any, under this policy."

At the time this policy was issued, plaintiff was a strong, able-bodied housewife fulfilling her daily duties, which consisted of milking the cows, working in the garden, doing general housework and the family washing, and cooking for herself, husband, and five children. In 1932, when the suit was filed, she was 51 years of age. Until about 1928 or 1929 she had successfully performed these duties. Gradually her health began to fail, and in 1930 she became unable to do any work except with her hands. To use the language of the plaintiff:

"Two years ago I had a goiter, and I went to Dr. Hardy because I had become so weak. I had been just failing, I would have to fight to get my breath and after I would get my breakfast I would become so weak I would not be able to do any work and my husband would send and get help to come over home then and help me do the housework and to cook my breakfast. I tried to cook my breakfast, but would give out and couldn't continue at all when this came on."

Sixty days or more after she was in this condition, she furnished proof to the defendant upon forms furnished by it, consisting of her own statement or affidavit and the affidavits of two physicians to the effect that she was wholly disabled, and that she would be presumably permanently, continuously, and wholly prevented from engaging in any occupation or employment whatsoever for remuneration or profit.

There was no contention at the trial that plaintiff was physically able to engage in any occupation or employment for remuneration or profit, except the statement of R. H. Amerien, claim examiner for the defendant, which is as follows:

"Q. Do you think or did you think in 1931, at the time you called on her the first time, that she could have gone out and procured then employment and done work necessary to earn a living wage? A. I don't know whether she could work for somebody else and hold the job. I do think this, Judge, she is an artist with the needle. I do think she could, if it was needed, I do think she could make money sewing and making those things with the needle that would pay more than a woman doing housework. Q. Have you had any experience with embroidery work, what a woman can earn for that purpose? A. No, except that I know that nice work brings fairly good prices."

Otherwise, the overwhelming weight of the testimony is that plaintiff was utterly exhausted after standing on her feet for a few minutes.

In response to this evidence the jury found for the plaintiff.

Under assignments of error Nos. 3 and 4, counsel present error of the court in admitting certain alleged incompetent, irrelevant, and immaterial evidence and the exclusion of certain alleged competent relevant and material evidence. They do not attempt to point out to the court how the admission or exclusion of this evidence has probably resulted in a miscarriage of justice, as required by section 3206, O. S. 1931. Stekoll v. Abraham, 90 Okla. 218, 217 P. 410. On the other hand, they state in their brief:

"While the admission and rejection of the evidence on the part of each of the parties as above referred to might be insufficient, standing alone, to warrant a reversal of the judgment, but the same is prejudicial and is of material importance when considered in connection with the other errors complained of and in the light of the want of other sufficient and substantial proof to establish plaintiff's cause, or to show that she was totally and permanently disabled."

Under assignments of error Nos. 2, 6, 7, 8, and 9, counsel present one proposition, and that is, the court erred in submitting the cause to the jury, and the verdict and judgment are not supported by the evidence and the law, and are contrary thereto.

This question is not properly before this court for determination. An examination of the record discloses that, while there was a demurrer to the evidence, there was no motion nor was there a request for a directed verdict after the defendant introduced its evidence.

In Local Building & Loan Ass'n v. Hudson-Houston Lbr. Co., 150 Okla. 44, 3 P. (2d) 156, this court held:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer, but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff."

See, also, Midland-Valley Ry. Co. v. Barnes, 162 Okla. 44, 18 P. (2d) 1089; Stout v. Idlett, 161 Okla. 23, 16 P. (2d) 1088; Lone Star Gas Co. v. Parsons, 159 Okla. 52, 14 P. (2d) 369; Advance Rumely Thresher Co. v. Alexander, 156 Okla. 150, 9 P. (2d) 934; Stanfield v. Lincoln, 150 Okla. 289, 1 P. (2d) 387; Watson v. Doss, 151 Okla. 132, 3 P. (2d) 159; Seidenbach's, Inc., v. Muddiman, 155 Okla. 61, 7 P. (2d) 471; Waggoner v. Reed, 153 Okla. 95, 4 P. (2d) 1047.

The next contention is that the trial court erred in giving instructions Nos. 3, 4, and 5. But the only instruction complained of in the brief is instruction No. 4, reading as follows:

"You are therefore instructed that if you find from a fair preponderance of the evidence that the plaintiff has, by reason of illness or disease, become unable to perform her usual work, or any other work for remuneration or profit, and that such condition is permanent, then the plaintiff is entitled to recover herein, although you may find that she could to some extent do and perform some of her usual and customary duties incident to her occupation and business."

This assignment of error is of no avail, because the instruction complained of follows Ozark Mutual Life Ass'n v. Winchester, 116 Okla. 116, 117, 243 P. 735, 736, wherein the trial court gave the following instruction which was approved by this court:

"You are therefore instructed that if you find from a fair preponderance of the evidence that Mrs. M. L. Winchester, the wife of the plaintiff, has lost the use of her foot and is unable to attend to her usual work, by reason of an accident, and that such condition is permanent, then the plaintiff is entitled to recover herein, although you may find that she could to some extent do and perform some of her usual and customary duties incident to her occupation and business."

It is complained that this instruction conflicts with instruction No. 7, wherein the jury is told that if she is able to do some

substantial portion of her work, she cannot recover. We are unable to find the conflict. In one the jury is told that she can recover even though she may be able to do some of her usual and customary duties, while in the other it is told if the duties she is able to perform constitute a substantial part of her duties, she cannot.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur. RILEY, BUSBY, and WELCH, JJ., absent.