## MASON, Adm'r, v. McNEAL.

No. 28590.   Oct. 31, 1939.

Rehearing Denied March 19, 1940.

Application for Leave to File Second Petition for Rehearing Denied April 2, 1940.

*100 P. 2d 451.*

Martin J. Ward and F. E. Riddle, both of Tulsa, for plaintiff in error.

G. G. Hilford, of Tulsa, for defendant in error.

GIBSON, J. Defendant below appeals from a judgment on verdict in favor of plaintiff in an action on creditor's claim against decedent's estate.

The defendant is administrator with will annexed of the estate of J. A. Spalding, deceased. Spalding had been secretary and general manager of the Savings Building and Loan Association of Tulsa. On November 20, 1928, and during his tenure as such officer and manager, Spalding entered into a written contract with plaintiff whereby he undertook personally to guarantee plaintiff's present investments in said association. The nature of the guaranty is reflected by the following provision contained in said contract:

"In order to induce the said McNeal to reinvest the sum of $2,112.88 in my company the Savings Building and Loan Association, I am personally guaranteeing to him the full amount of his investment in said Savings Building and Loan Association, and guarantee him against any and all losses whatsoever via virtue of his investment as it now stands on the books of said company."

There is the further provision in the contract that Spalding "shall have any reasonable period in which to work out the financial condition of this Association."

Spalding died June 4, 1936. On October 15, 1936, plaintiff filed his claim with the defendant administrator alleging therein substantially the following facts:

Subsequent to the contract aforesaid the association suffered considerable losses as ascertained by the State Banking Department on April 24, 1931; that pursuant to order of said department on that date the losses were apportioned among the stockholders of the association and charged against their respective shares, and that the loss thus sustained by plaintiff was $1,567.37. It is further alleged in the

claim that the association is now in liquidation and that the plaintiff by diligent effort has succeeded in recovering $5,123.92 of his investment by accepting notes and mortgages belonging to the association in exchange for his stock, which aggregated $6,469.35, leaving a balance unrecovered of $1,345.43, for which the association issued to him a stock certificate of doubtful value. The latter certificate is tendered to the administrator with a request that plaintiff be allowed the sum of $2,912.80, which represents the aforesaid i t e m s of $1,567.37 and $1,345.43. The claim was disallowed and the present action thereupon commenced.

The petition in substance sets out the facts contained in the claim as above recited, alleges the disallowance thereof, and seeks recovery of the sum therein claimed.

Defendant denied Spalding's signature on the contract, pleaded the five-year statute of limitations as to the item of $1,567.37, alleging that Spalding died more than five years subsequent to the date the loss was charged against plaintiff's shares. It is also alleged that the contract of guaranty was against public policy in that the terms thereof would require Spalding, an officer of the association, to take certain action in his official capacity for his own and the plaintiff's personal benefit, contrary to his legal duties as a corporate officer and in violation of his fiduciary relation to the stockholders.

For further defense it was alleged that the contract was materially altered by plaintiff in that the plaintiff, upon Spalding's death, voluntarily succeeded the latter as a liquidator of the association, thus actually assuming the functions reserved to Spalding in the contract.

The trial court submitted to the jury only the question of the disputed signature and directed a verdict for plaintiff in the sum of $953.15 in event the signature was found to be genuine, thus sustaining plaintiff's motion for directed verdict in all particulars except the one issue aforesaid.

Defendant charges that the action of the trial court in so instructing a verdict constituted error.

The instruction in question deals exclusively with the question of the sufficiency of the evidence to support a verdict for the respective parties, and the assignment would ordinarily require a review of the evidence in order to determine the question of law thus raised. But without exception saved to the instruction as required by section 360, O. S. 1931, 12 Okla. Stat. Ann. § 578, we are not at liberty to review the alleged error (Pure Oil Co. v. Chisholm, 181 Okla. 618, 75 P. 2d 464), except for fundamental errors of law. Beck v. Day, 178 Okla. 310, 62 P. 2d 1014. In determining the latter question, we may not search beyond the instructions themselves. To proceed beyond that point in our review would result in disregarding the plain terms of the statute last mentioned. At first glance our present statement would appear more or less in conflict with the language of the court in Liberty Nat. Bank, etc., v. Semkoff, 184 Okla. 18, 84 P. 2d 438, wherein certain instructions not properly excepted to reveal error after considering the same in connection with the issues as raised by the pleadings and evidence. To read that opinion will reveal that the evidence was not reviewed. The correct rule to be applied in circumstances of this character is expressed in the third syllabus of that case as follows:

"Where exceptions are not saved to instructions as required by section 360, O. S. 1931 (12 Okla. Stats. Ann. § 578), this court will review such instructions only to determine whether they are free from fundamental error."

The fourth syllabus of that case, though correct as a general rule, is erroneously applied to the facts and circumstances there disclosed. It reads as follows:

"It is the duty of the trial court on its own motion to properly instruct the

jury upon the decisive issues made by the pleadings and the evidence introduced at the trial, and a failure so to do constitutes fundamental error."

The last-mentioned rule is suitable only to the occasion where the plaintiff in error has failed to submit his requested instructions in substitution for the alleged erroneous ones given by the court, but has duly saved his exceptions to the latter as required by the statute aforesaid. In other words, failure of the plaintiff in error to submit correct instructions will not save the court's own instructions on review from prejudicial error if proper exceptions are noted in the record (Oklahoma Producing & Refining Corporation, etc., v. Freeman, 88 Okla. 166, 212 P. 742); and the review in such case may extend to the entire record. Id. But where, as here, no exceptions are saved, the review will be confined to prejudicial error, erroneous statement of fundamental law, appearing upon the face of the instructions. See, also, Williams v. Otis, 155 Okla. 173, 8 P. 2d 728.

In the instant case the questioned instruction contains no misstatement of any fundamental principle of law. In recognition of the plain purpose of said section 360, we will not review the record further in an effort to discover latent errors.

Defendant charges error in the overruling of his demurrer to plaintiff's evidence.

The demurrer in question was directed to plaintiff's evidence, and was not renewed after all the evidence, including defendant's, was completed. In such case the demurrer is waived, and nothing is presented by the assignment. Stout v. Idlett, 161 Okla. 23, 16 P. 2d 1088; Mid-Continent Life Ins. Co. v. Bean, 179 Okla. 394, 65 P. 2d 1018.

Defendant next says the court erred in not sustaining his motion for judgment notwithstanding the verdict.

To warrant sustaining of such a motion the moving party must be entitled to judgment on the pleadings or the jury returned special findings of fact contrary to the general verdict. Myrick v. City of Tulsa, 175 Okla. 647, 54 P. 2d 330. Here the pleadings would not permit judgment thereon for defendant, neither were there special findings of the jury contrary to the general verdict. It is true that the answer set up special matters in defense and no reply thereto was filed, but by voluntarily proceeding to trial the defendant waived the requirement of a reply and the new matter is presumed to have been duly controverted. Holt v. Holt, 23 Okla. 639, 102 P. 187; see, also, Hutchings v. Zumbrunn, 86 Okla. 226, 208 P. 224.

Next it is urged that the court erred in not giving certain requested instructions.

Failure to save exceptions to the peremptory instruction constituted a waiver of those requested. All or a portion of the latter may have been correct, but the instruction as given comprehended all the law in the case, and the verdict rendered thereon together with the resulting judgment fully disposed of the action. In the absence of proper exception we must presume that the instruction was assented to by all parties, and any requested instruction inconsistent with such all inclusive charge of the court is presumed to have been waived, though exception may have been duly saved to the court's refusal to give the requested instruction.

We hold, therefore, that where the trial court gives a peremptory instruction without objection and exception noted on the part of the unsuccessful party, and verdict is duly returned thereon, said party will be deemed to have waived any requested instructions theretofore submitted by him to the court.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and DANNER, JJ., concur.