In the Matter of the ESTATE of Max William CAMPBELL, Deceased.

Marshall J. CAMPBELL et al., Appellants,

v.

Joan LEPLEY and Joe Francis, as Co-Executors of the Estate of Max William Campbell, Deceased, Appellees.

No. 47147.

Supreme Court of Oklahoma.

March 4, 1975.

Stamper & Otis, Antlers, Houston, Davidson, Jacoby, Main & Nelson, Tulsa, for appellants.

James R. Eagleton, W. L. Eagleton, Tulsa, for defendants.

HODGES, Justice.

This case involves the validity of bequests in wills to charitable trusts and the applicability of the Oklahoma Solicitation of Charitable Contributions Act, 18 O.S. 1971 § 552.1 et seq.

Max Campbell, deceased, left the bulk of his estate to the Max and Tookah Camp-

bell Foundation, Inc., a charitable trust. The distant heirs (contestants) contested the will, and this appeal was decided by the Court of Appeals, (44 OBJ 545). Certiorari was denied. The present complaint is an appeal from the action of the trial court in overruling the contestants' Objection to Distribution, in ordering distribution, and overruling their motion for new trial.

The contestants urge two basic propositions. First, that the Foundation was incorporated as a charitable foundation, but that it did not register with the Commissioner of Charities and Corrections of the State of Oklahoma as required by the Oklahoma Solicitation of Charitable Contributions Act. 18 O.S.1971 § 552.1 et seq. They assert that failure to register excludes the Foundation from qualifying under 18 O.S.1971 § 1.20(d) which permits charitable corporations to hold real property outside incorporated towns. They also argue that failure to register prohibits the foundation from accepting contributions.

18 O.S.1971 § 552.3 provides:

"No charitable organization, except those specifically exempt under Section 4 of this Act, shall solicit or accept contributions from any person in this State by any means whatsoever until such charitable organization shall have registered with the Commissioner of Charities and Corrections and filed information, as required by this Act, on forms approved by the Commissioner. At the time of such registration, each charitable organization shall pay a fee of Five Dollars ($5.00). Such registration shall be valid for a period of one year from the effective date thereof and shall be subject to annual renewal. Registration under this Act shall not be deemed to constitute endorsement by the State of Oklahoma or by the Commissioner of the charitable organizations so registered, and the Commissioner shall immediately revoke the registration of any person who directly or indirectly misrepresents the effect of registration hereunder to any donor or prospective donor. The information so filed shall be available to the general public as a matter of public record. The forms containing such information shall be sworn to and shall include the following:

(1) The name under which the charitable organization intends to solicit accept contributions, and the identity of the charitable organization by or for whom the solicitation is to be conducted;

(2) The address thereof and the names and addresses of officers, directors, trustees, and executive personnel;

(3) The purpose or purposes for which the contributions solicited or accepted are to be used; provided, however, no contribution or any portion hereof shall enure to the private benefit of any voluntary solicitor;

(4) The individual or officer who will have custody of the contributions;

(5) The individual or individuals responsible for the distribution of funds collected;

(6) The period of time during which such solicitation is to be conducted;

(7) A description of the method or methods of solicitation in such detail as may from time to time be determined by the Commissioner of Charities and Corrections;

(8) Whether such solicitation is to be conducted by voluntary unpaid solicitors, by paid solicitors, or both;

(9) If in whole or in part by paid solicitors, the name and address of each professional fund raiser supplying such solicitors, the basis of payment and the nature of the arrangement, including a copy of the contract or other agreement between the charitable organization and the professional fund raiser, the specific amount or percentage of compensation, or property of any kind or value to be paid or paid to the professional fund raiser, the percentage value of such compensation as compared (a) to the total contributions received and (b) to the net amount of the total contributions received;

(10) Such additional information as may be deemed necessary and appropriate by the Commissioner of Charities and Corrections in the public interest or for the specific protection of contributors. Laws 1959, p. 88, § 3.

The Oklahoma Solicitation of Charitable Contributions Act was enacted for the purpose of regulating groups making solicitations for charitable contributions.

The testimony of the Commissioner of Charities and Corrections was that no private trusts or foundations created for charitable purposes have registered under the Act.

▰▰▰ We find the Oklahoma Solicitation of Charitable Contributions Act does not apply to private trust or private foundations. The obvious intent of the Act was to regulate those charitable organizations, who solicit or accept contributions from persons or corporations outside the charitable entity. The Act pertains to solicitation of charitable contributions as disclosed by the Title of the Act. In the present case we have a private foundation that does not solicit or accept contributions. It has no fund raisers, professional or otherwise.

▰▰▰ Even assuming arguendo, that the Act applied, the provisions of 18 O.S. 1971 § 552.1 et seq are not self-executing. The Act does not contain a forced heir statute. The statutes provide penalties for violation, but these penalties do not include destruction of the foundation or substitution of heirs at law as beneficiaries of a charitable trust. This would be a direct violation of the cy pres doctrine.

▰▰▰ The second proposition raised is that some of the real property in the estate was not within the city limits. Therefore, they assert that the foundation was incapable of receiving or accepting any portion of the residuary estate which might be outside the cities and towns within Oklahoma because to do so would violate 18 O.S.1971 § 1.20 and Art. XXII § 2 of the Oklahoma Constitution. They also allege that more property was given than was reasonably necessary for the business and objects of the corporation.

The articles of incorporation of the foundation provide that the corporation had the power:

"To accept, acquire, receive, take, and hold by bequest, devise, grant, gift, purchase, exchange, lease, transfer, judicial order or decree or otherwise, for any of its objects and purposes any property, both real and personal, of whatever kind, nature or description and wherever situated."

. This Court held in Johnstone v. Patterson, 418 P.2d 656 (Okl.1966), that the prohibition under 18 O.S.1961 § 543 (which is quite similar to Art. XXII § 2) is not against taking or acquiring but against owning and holding more real property than is reasonably necessary for the objects of the corporation. The syllabi of Johnstone v. Patterson p. 657, supra hold:

"1. Art. 22, Sec. 2, Oklahoma Constitution, is not self-executing and does not prevent a corporation from taking and accepting title to farm lands under a properly executed conveyance.

"2. Revised Laws 1910, Sec. 1461 (18 O.S.1961, § 543), authorizing religious, charitable, educational and benevolent corporations to acquire properly in any manner, was enacted as an exception to the provisions of Revised Laws 1910 § 8342 (84 O.S.1961, § 45), and constituted express authority in 1914 for a benevolent corporation to take and acquire title to farm lands under the terms of a will."

Affirmed.

All Justices concur.