Roxana K. SELLARS,
Plaintiff–Appellant,

v.

Bruce McCULLOUGH,
Defendant–Appellee.

No. 68259.

Supreme Court of Oklahoma.

Dec. 5, 1989.

Rehearing Denied Jan. 9, 1990.

David P. Reid, Ash, Crews & Reid, Jack D. Crews, Tulsa, for plaintiff-appellant.

Steven E. Holden, M. Cristina Romero, Emily J. Crawford, Wilburn, Masterson & Holden, P.C., Tulsa, for defendant-appellee.

OPALA, Vice Chief Justice.

The dispositive issue on certiorari is whether the trial court was correct in instructing the jury on plaintiff's [Sellars] contributory negligence. Two subsidiary questions are implicated and must be resolved: 1) Was error in the challenged instructions preserved for review by an exception required by 12 O.S. 1981 § 578 [§ 578]?[1] (2) Is fundamental error apparent on the face of the challenged instructions? After answering both questions in the negative, we affirm the trial court's judgment.

## FACTS

This action arose from an automobile accident in which Sellars' [Motorist's] vehicle was struck with mild force from the rear by a vehicle driven by one not a party to this action.[2] At the time the collision took place, Motorist was stopped in the roadway to allow defendant McCullough [Farmer] to transport a wide farm implement across a bridge. Although Motorist had stopped without hitting the vehicle in front of her, there was proof suggesting she had made a panic stop.[3]

At the close of the evidence, the trial court denied Motorist's quest for a directed verdict on liability. She did not except to any of the instructions on the issue of contributory negligence; on the contrary, she conceded the correctness of several instructions specifically addressing that question.[4]

The jury found for Farmer. Motorist's appeal focuses on Instruction 16.[5] She admits this instruction represents a correct statement of the law but she insists the record is devoid of evidence showing her to have been contributorily negligent. The Court of Appeals initially found that Motorist had not preserved the tendered error for

---

1. For the text of § 578 see *infra* note 6.

2. The other motorist and his insurer, both originally included as parties defendant, were dismissed before trial.

3. The investigating patrol officer testified that Motorist was "not watching traffic flow for speed traveling." In his accident report, the officer categorized this behavior as not safe, but not unlawful. Motorist's skidmarks were 84 feet long.

4. The record at pages 293–294 reveals the following colloquy:
   The court: "Now, number thirteen is OUJI 9.21. This is starting the comparative contributory negligence instruction."

   The court: "Number thirteen is OUJI 9.21. Any problems with that?"
   Mr. Holden [counsel for the defendant]: "No."
   *Mr. Crews [counsel for the plaintiff]: "No."* [emphasis supplied].
   The court: "Okay. Number fourteen will be 9.22."
   Mr. Holden: "Okay."

   The court: "Number fifteen will be 9.26."
   Mr. Holden: "Okay."
   The court: "Number 16 will be 9.29."
   Mr. Holden: "Okay."

   The court: "Number seventeen is 9.36. It's the long one...."
   Mr. Crews: All right. Let's see. That's number seventeen, 9.36?
   The court: Yes.
   *Mr. Crews: Check.* [emphasis supplied].

5. Instruction 16, a paraphrase of Oklahoma Uniform Jury Instruction 9.29, states in pertinent part:
   If you find that the occurrence with which this lawsuit is concerned was directly caused by the contributory negligence of the Plaintiff, Roxana K. Sellars, and not by any negligence on the part of the Defendant, Bruce McCullough, or, if you find that the Plaintiff, Roxana K. Sellars, has failed to prove that the Defendant, Bruce McCullough, was negligent, then you shall use the pink verdict form and find in favor of the Defendant, Bruce McCullough.

review by an exception to the objectionable instruction. Finding no fundamental error to have occurred, the court affirmed the judgment on jury verdict for the defendant. On rehearing, the Court of Appeals reversed, concluding that because there was no evidence of motorist's contributory negligence, the jury charge addressing that issue was "fundamental error." We now vacate that opinion and affirm the trial court's judgment on jury verdict for Farmer.

### I.

### MOTORIST'S FAILURE TO EXCEPT TO INSTRUCTIONS ON CONTRIBUTORY NEGLIGENCE

■ Motorist alleges her motion for directed verdict on the issue of liability, based on her want of contributory negligence, served to preserve a general exception to all jury instructions on that critical issue. We cannot accede to her view. Any error in instructions addressing contributory negligence was waived when Motorist clearly *agreed* to several of the jury charges given on that issue.

The provisions of 12 O.S. 1981 § 578 prescribe the method for preserving an exception to an instruction.[6] This procedure is mandatory except *only* when an instruction appears facially tainted by fundamental error.[7]

Motorist urges she complied with the purpose of § 578,[8] which is to inform the court of any defect or irregularity in the instructions so that either may be corrected. By conceding, on the record, the correctness of several instructions on contributory negligence and failing to make an exception to any of them, Motorist cannot be said to have complied with the purpose of § 578.

### II.

### FUNDAMENTAL ERROR

At rehearing stage, after noting no exception had been saved to Instruction 16, the Court of Appeals nonetheless examined the record and found that it did not contain *any* evidence to support submission of contributory negligence to the jury. The court then concluded there was "fundamental" error in that challenged charge.

■ The provisions of 12 O.S. 1988 §§ 577 and 577.2 place an affirmative duty upon the court to give instructions which accurately reflect the law regarding the issues presented.[9] The trial court's duty is to state the law correctly, but not to frame the issues. If the nisi prius judge does not accurately state the law, "fundamental error" occurs, which is reviewable even if no exception has been taken. It is the parties' duty to assure that the instructions given

---

**6.** The terms of 12 O.S. 1981 § 578 provide in pertinent part:

A party excepting to the giving of instructions ... shall not be required to file a formal bill of exceptions; but it shall be sufficient to make objection thereto by dictating into the record in open court, out of the hearing of the jury, after the reading of all instructions ... the number of the particular instruction given by the court that is excepted to.

**7.** *E.g. Walker v. St. Louis–San Francisco Ry. Co.,* Okl., 646 P.2d 593 [1982].

**8.** In support of her position Motorist cites *Cantrell v. Henthorn,* Okl., 624 P.2d 1056 [1981]. The plaintiff in *Cantrell* complained of the trial judge's *refusal* to give a requested instruction. The Supreme Court held that by requesting the instruction, the plaintiff had given the judge sufficient notice that the plaintiff wanted the instruction included. That situation is not before this court here.

**9.** The terms of 12 O.S. 1988 § 577 provide in pertinent part that "[t]he court shall give general instructions to the jury...."

The pertinent provisions of 12 O.S. 1988 § 577.2 are:

Whenever Oklahoma Uniform Jury Instructions (OUJI) contains an instruction applicable in a civil case or a criminal case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the OUJI instructions [sic] shall be used unless the court determines that it does not accurately state the law. Whenever OUJI does not contain an instruction on a subject on which the court determines that the jury should be instructed, the instruction given on that subject should be simple, brief, impartial and free from argument.

accurately reflect the issues tendered by the evidence adduced at trial. In the exercise of this duty they are subject to the requirement of § 578; a breach of *their duty* is not fundamental error, but rather ordinary trial error which is not reviewable on appeal unless preserved by an exception.

Oklahoma law has since statehood distinguished "fundamental" error from "ordinary" trial error.[10] Most decisions which correctly articulate the fundamental error doctrine descend from a 1939 case, *Mason v. McNeal*.[11] There, as here, a party complained of error in the trial court's instruction to which no exception had been interposed at trial. This court held that where no exception has been saved, the appellate court will look only for "erroneous statement of fundamental law, appearing upon the face of the instructions"; and the court *will not* examine the record further to search for "latent" errors.[12] A party may on appeal secure review of the instructions' scope *only* if he (or she) has excepted to the parts sought to be challenged.[13] *Mason* governs this case.[14]

Because Motorist did not save an exception to the challenged jury charges, this court cannot search the record to ascertain whether the trial court's instruction addressed an issue on which there was no proof. Absent exceptions, we look *only* to the four corners of the instruction that was given to ascertain whether it embodies a correct statement of the law. Motorist admits in her brief the instruction correctly articulates the law. We agree and conclude the trial court committed no fundamental error.[15]

In sum, we hold today that an instruction correct on its face may not be reviewed when challenged as unwarranted by the evidence, unless the complaining party has complied with the strictures of § 578. We hold also that a prejudicial misstatement of law appearing on the face of an instruction constitutes fundamental error reviewable even in the absence of an exception taken pursuant to § 578. Lastly, we do *not* consider, nor express an opinion, on whether the trial court's failure to instruct on an issue tendered by the evidence may be reviewed as fundamental error without an aggrieved party's in-trial objection to the omission.

CERTIORARI GRANTED; THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE TRIAL COURT'S JUDGMENT AFFIRMED.

HARGRAVE, C.J., and HODGES, LAVENDER and DOOLIN, JJ., concur.

10. *First Nat. Bank v. Nolen,* 59 Okl. 20, 157 P. 754 [1916]; *Dunnington v. Loeser,* 48 Okl. 636, 150 P. 874 [1915].

11. 187 Okl. 31, 100 P.2d 451 [1939].

12. *Mason v. McNeal, supra* note 11, 100 P.2d at 453.

13. *Mason v. McNeal, supra* note 11, 100 P.2d at 452. An oft-quoted passage, which is the source of much confusion, is:

It is the duty of the trial court on its own motion to properly instruct the jury upon the decisive issues made by the pleadings and the evidence introduced at the trial, and a failure so to do constitutes fundamental error. *Liberty Nat. Bank of Weatherford v. Semkoff,* 184 Okl. 18, 84 P.2d 438, 439 [1938].

We need not pause to settle in this case whether the use of the word "fundamental" in this quote contradicts the later statement in *Mason,* which explains that *failure* to instruct on an issue may be reviewed *only* when an exception has been saved. *Mason v. McNeal, supra* note 11, 100 P.2d at 452.

14. *See also Neese v. Shawnee Medical Center Hosp., Inc.,* Okl., 733 P.2d 383, 385 at note 2 [1986]; *Wetsel v. Independent School Dist. I–1,* Okl., 670 P.2d 986 [1983]; *Anderson v. O'Donoghue,* Okl., 677 P.2d 648 [1983]; *McCorkle v. Great Atlantic Ins. Co.,* Okl., 637 P.2d 583 [1981]; *Birmingham Steel & Supply, Inc. v. Smithco Mfg. Co.,* Okl., 399 P.2d 471, 472–73 [1965]; *Klaus v. Fleming,* Okl., 304 P.2d 990 [1956].

15. Even if Motorist had timely excepted to the challenged jury charge, the instruction must nonetheless be viewed as having been correctly given. Art. 23 § 6, Okl.Const., mandates that the defense of contributory negligence be submitted to the jury unless there is an *utter lack of proof on this issue. Bullard v. Grisham Const. Co.,* Okl., 660 P.2d 1045, 1048 [1983]; *Miller v. Price,* 168 Okl. 452, 33 P.2d 624 [1934]. The evidence of Motorist's inattentiveness and her panicked stop *might* have been sufficient to suggest that she caused or contributed to her own injuries and hence to warrant the issue's submission to the jury.

SUMMERS, ALMA WILSON and KAUGER, JJ., concur in part and dissent in part.

SIMMS, J., dissents.

SUMMERS, Justice, with whom ALMA WILSON and KAUGER, Justices, join, concurring in part and dissenting in part.

I dissent only from the language of footnote 15; in my view, contributory negligence instruction should not have been given in the absence of evidence that plaintiff's sudden stop caused or contributed to the accident.