1998 OK 48

**Robert L. SULLIVAN, Appellee,**

v.

**FORTY–SECOND WEST CORPORA-TION, Jack Wright and Victor Cleveland, Appellants.**

**No. 87021.**

Supreme Court of Oklahoma.

June 2, 1998.

Wilburn C. Hall, Jr., Norman, for Appellants.

C. Rudy Hiersche, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

SIMMS, Justice:

¶1 Plaintiff's case results from a landlord-tenant dispute in which the landlord originally brought action to foreclose upon a security interest in personal property and to recover damages relating to a breach of the lease agreement. Tenant[1] asserted a counterclaim for conversion, relating to the property left on the rental premises and later leased in part to a subsequent tenant. The matter was presented to a jury which returned a verdict in favor of the landlord, Sullivan, finding no conversion occurred and awarding $7000.00 in damages.

¶2 Tenant appealed the jury verdict. The Court of Civil Appeals, in an unpublished opinion, affirmed in part, reversed in part and remanded the cause for further proceedings. The Court of Civil Appeals found fundamental error occurred because a jury instruction relating to the commercial reasonableness of the landlord's disposition of the personal property was not submitted to the jury. Certiorari has been previously granted in this case. We vacate the Court of Civil Appeals opinion and affirm the trial court.

¶3 From the record provided to this Court, it appears no instruction was proposed at the trial level nor any exception made to the exclusion of an instruction regarding commercial reasonableness. Furthermore, Tenant directed no proposition of error at such an instruction on appeal.

■ ¶4 Tenant's failure to preserve this error at any level poses two questions for this Court: First, can an appellate court reverse a judgment based upon a jury verdict for fundamental error in a jury instruction, if the issue regarding whether fundamental error occurred was not raised by either party on appeal; Second, if fundamental errors are reviewable without being raised in the appellate briefs, did such an error occur with the omission of an instruction pertaining to the commercial reasonableness of the landlord's disposition of personal property in which he held a security interest. This Court finds fundamental errors reviewable even in the absence of addressing such error on appeal. However, we find no fundamental error in the instant case with regard to the omission of an instruction directed at the commercial reasonableness of the landlord's action.

■ ¶5 With regard to error in jury instructions, we look to 12 O.S.1991 § 578:

A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to make objection thereto by dictating into the record in open court, out of the hearing of the jury, after the reading of all instructions, the number of the particular instruction that was requested, refused and is excepted to, or the number of the particular instruction given by the court that is excepted to. Provided, further, that the court shall furnish copies of the instructions to the plaintiff and defendant prior to the time and instructions are given by the court.

If objection to the refusing or the giving of an instruction is not made in accord with the procedure outlined in § 578, the authority of the appellate court to review the alleged error is severely limited. *Mason v. McNeal,* 187 Okla. 31, 100 P.2d 451 (1939); *Sellars v. McCullough,* 1989 OK 155, 784 P.2d 1060, 1062.

[W]ithout exception saved to the instruction as required by [§ 578], we are not at liberty to review the alleged error, except for fundamental errors of law. In determining the latter question we may not search beyond the instructions themselves. To proceed beyond that point in our review would result in disregarding the plain terms of the statute[.]

*Mason,* 100 P.2d at 452 (citations omitted).

¶6 Even so, it is within the purview of this Court to review the record for fundamental error. *See Graham v. Keuchel,* 1993 OK 6, 847 P.2d 342, 349 (medical malpractice case involving an infant death in which par-

---

1. Defendants/Appellants are referred to collectively as Tenant or Forty-second West Corp.

ents did not raise as error the trial court's submission of an instruction regarding concurrent cause, this Court found fundamental error despite the parent's failure to raise the error); *Diggs v. Cities Service Oil Co.*, 241 F.2d 425 (10th Cir.1957) (where contention was not argued at trial or mentioned in brief on appeal, Court of Appeals was neither constrained nor inclined to consider the contention); *Allen v. Nelson Dodd Produce Co.*, 207 F.2d 296 (10th Cir.1953) (on its own motion and in furtherance of justice, the court may review fundamental errors not saved by proper objection).

¶ 7 Fundamental error compromises the integrity of the proceeding to such a degree that the error has a substantial effect on the rights of one or more of the parties. *See* 12 O.S.1991 § 2104 (Subcommittee's notes: "Certainly, the Oklahoma courts are committed in civil cases to protecting litigants from the commission of fundamental error in the trial cases." *See Estate of Campbell v. Lepley*, 1975 OK 34, 532 P.2d 1374). Though such an error may not be properly raised before the court, if the matter is "so absolutely vital" the appellate court is at "liberty to correct it." *Wiborg v. United States*, 163 U.S. 632, 658, 16 S.Ct. 1127, 1137, 41 L.Ed. 289 (1896) (criminal case in which defendants were convicted of hostile acts against Spain at a time when U.S. was not at war with Spain).

¶ 8 It is the critical and decisive nature of fundamental or plain error which may necessitate its correction even in the absence of proper preservation of the error; this is the foundation of the reasoning behind 12 O.S. 2104(D) which expressly allows plain errors to be addressed even when the procedural mandates outlined in the statute have been compromised. This reasoning persists even if the failure to properly preserve the error continues through the appeal process. Realizing fundamental error can be addressed by this Court in the complete absence of a party's assistance, notice or treatment of the error, the question must follow whether absence of a commercial reasonableness instruction in the instant case rises to the level of fundamental error.

¶ 9 When the error is a matter of the instruction given the jury and the record has not been properly preserved, "the review will be confined to prejudicial error, erroneous statement of fundamental law, appearing upon the face of the instructions." *Mason*, 100 P.2d at 453 (citing *Williams v. Otis*, 155 Okl. 173, 8 P.2d 728 (1932)); *See also Sellars*, 784 P.2d at 1063.

¶ 10 We would note Forty-second West has provided only a marginal record for the evaluation this cause, having designated neither a transcript nor a narrative summary of the jury trial proceedings held in this matter. As a result, the issues framed for the jury during the course of the trial and upon which the instructions were presumably based, are not entirely preserved for review by this Court.

¶ 11 We have no clear indication from the record the importance or lack of importance "commercial reasonableness" played in the trial on this matter. It does not appear to be an issue developed in any detail in the pleadings, answers, interrogatories, or motions nor do any of the other materials indicate it was of primary concern in the development of Tenant's case.

¶ 12 This Court stated in *Sellars v. McCullough*, 784 P.2d at 1062–63, an affirmative duty is placed upon the trial court "to give instructions which accurately reflect the law regarding the issues presented." Tenant now argues that the trial court had an affirmative duty to include an instruction addressing commercial reasonableness. However, Tenant has provided no accurate reflection of the issues presented, either in the form of a trial transcript or a narrative statement. Therefore, we are not inclined to simply assume the trial court committed fundamental error when the issues presented to the jury have not been preserved for examination by this Court. As the party asserting error at the trial level, it was incumbent upon Forty-second West to designate for inclusion in the record of that which would support its contentions. *Chandler v. Denton*, 1987 OK 38, 741 P.2d 855, 861–62. Any consequences for failing to designate the materials necessary to evaluate the error must be borne by them as well. *Id.; See also*

*Bailey v. Bailey*, 1994 OK 6, 867 P.2d 1267; *Koch Fuels, Inc. v. Oklahoma Tax Comm'n*, 1993 OK 140, 862 P.2d 471; *Davidson v. Gregory*, 1989 OK 87, 780 P.2d 679.

¶13 Examined on their face, the twenty instructions given the jury for evaluation of this action demonstrate no erroneous statement of fundamental law. Without an erroneous and prejudicial statement of fundamental law, this Court's review of the instructions goes no further.

¶14 Finding no fundamental error upon examination of the record in the instant case, the opinion of the Court of Civil Appeals is vacated and the judgment of the trial court affirmed.

¶15 CERTIORARI PREVIOUSLY GRANTED. COURT OF CIVIL APPEALS OPINION VACATED. JUDGMENT OF THE TRIAL COURT AFFIRMED.

ALL THE JUSTICES CONCUR.

