[Sac. No. 768.    Department One. — August 10, 1901.]

133   611
143   206

# THE PEOPLE ex rel. ATTORNEY–GENERAL, Appellant, v. STOCKTON SAVINGS AND LOAN SOCIETY, Respondent.

ESCHEAT — LANDS OF SAVINGS AND LOAN CORPORATION — PURCHASES UNDER TRUST DEEDS — HOLDING BEYOND FIVE YEARS. — An action cannot be maintained to escheat to the state lands held by a savings and loan corporation, on the ground that more than five years have elapsed since it acquired the lands by purchase under deeds of trust for money loaned, and that it has not sold them.

ID. — CONSTRUCTION OF CONSTITUTION — ESCHEAT NOT PROVIDED FOR — POWER OF LEGISLATURE. — The provision of section 9 of article XII of the constitution, that "no corporation shall . . . hold for a longer period than five years any real estate, except such as may be necessary for carrying on its business," though mandatory and prohibitory, does not provide for the penalty of an escheat to the state, nor declare what results shall follow its violation. There appears nothing in the provision so self-executing as to deny the power of the legislature to prescribe penalties for its violation.

ID. — LEGISLATIVE CONSTRUCTION — SAVINGS AND LOAN CORPORATIONS — SALE OF LANDS. — The provision of section 574 of the Civil Code, requiring every savings and loan corporation to sell real estate within five years after title is vested in it under pledges, mortgages, or deeds of trust made for its benefit for money loaned, is a legislative construction of section 9 of article XII of the constitution. The provision of the constitution, that a corporation shall not *hold* certain classes of real estate longer than five years, contemplates that such property held shall be sold within the five years.

ID. — REMEDY FOR FAILURE TO SELL. — If the corporation does not sell lands which it cannot hold more than five years, penalties may be provided by the legislature for its failure to do so ; or, possibly, some judicial procedure might be invoked to compel a sale of the land or a forfeiture of its franchise.

ID. — ESCHEATS AND FORFEITURES NOT FAVORED. — Escheats and forfeitures are not favored by the law ; and the remedy of escheat does not exist, in the absence of an express provision therefor.

APPEAL from a judgment of the Superior Court of San Joaquin County.    Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney-General, and J. F. Ramage, for Appellant.

Nicol, Orr & Nutter, for Respondent.

GAROUTTE, J.—The object of this action is to escheat to the state certain lands in San Joaquin County, alleged to be held by defendant, a corporation. The complaint alleges that the defendant acquired at trustee's sale, made pursuant to the provisions of a certain deed of trust, these lands; that more than five years have elapsed since defendant acquired title thereto, and said lands have not been sold. The sufficiency of the complaint is the only question before the court.

The action is based upon section 9 of article XII of the constitution of the state, which provides: "No corporation shall engage in any business other than that expressly authorized in its charter, or the law under which it may have been or may hereafter be organized; nor shall it hold for a longer period than five years any real estate, except such as may be necessary for carrying on its business." It is asserted by appellant that this provision of the constitution being mandatory and prohibitory, it follows therefrom that defendant's title to these lands was cut off *instanter*, upon the expiration of the five-year period, and, as a necessary result therefrom, the land escheated to the state. The court fails to see how the declaration of the constitution to the effect that this provision is mandatory and prohibitory accomplishes an escheat under the facts of this case. The provision of the instrument says nothing whatever about escheats. Escheats and forfeitures are not favored by the law, and why some penalty, other than an escheat, should not be declared to follow a violation of this provision of the constitution is not made plain. The provision itself wholly fails to declare what results follow if it be violated. And for this reason it seems that the legislature has the power to prescribe penalties for its violation. There appears nothing in the provision so self-executing as to deny that power.

A provision of the Pennsylvania constitution, similar in principle to that here involved, was before the appellate court of that state in *Commonwealth* v. *New York R. R. Co.*, 132 Pa. St. 605, and the court there said: "It will be noticed that this clause in the constitution affixes no penalty for its violation. It is

conceded that for a violation of the organic law a Pennsylvania corporation, or a foreign corporation having or exercising corporate franchises within this commonwealth, would forfeit such franchises.   This, however, would not involve an escheat or confiscation of its property.   For present purposes we must regard this constitutional provision as out of the case.   The question here is, whether the real estate in controversy is liable to escheat.   This is not a proceeding to forfeit the company's franchises, but to escheat its lands."

As to savings and loan societies, this provision of the constitution is given a legislative construction by section 574 of the Civil Code, wherein it is provided: "Savings and loan corporations may purchase, hold, and convey real and personal property as follows: . . . 4. No such corporation must purchase, hold, or convey real estate in any other case or for any other purpose; and all real estate described in subdivision 3 of this section must be sold by the corporation within five years after the title thereto is vested in it by purchase or otherwise." Subdivision 3 relates to real estate purchased by the corporation under pledges, mortgages, or deeds of trust made for its benefit.   It is here provided that the lands must be sold within five years after title has vested; and the court feels satisfied that such is the purpose and tenor of the constitutional provision, when it declares that a corporation shall not *hold* certain classes of real estate for a longer period than five years. In other words, the constitutional provision declares that this character of real estate shall be sold within the five-year period. If the corporation does not sell, as commanded by the constitution, penalties may be provided by the legislature for its failure so to do; or, possibly, some judicial procedure might be invoked, compelling a sale of the land or a forfeiture of its franchise.

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.