**PARWAL INV, CO. et al. v. STATE.**

No. 8797.—Opinion Filed Aug. 27, 1918.

Rehearing Denied Oct. 8, 1918.

(175 Pac. 514.)

(Syllabus.)

1. **Constitutional Law — Real Estate Required by Corporation — Violation of Constitutional Provisions.**

Section 2, art. 22, of the Constitution, prohibiting corporations doing business in this

state from acquiring real estate for any purpose, except such as may be located in cities and towns, and such as may be necessary and proper for carrying on the business for which the corporation was chartered or licensed, is not self-executing, and real estate acquired by such corporations in violation of this inhibition does not ipso facto escheat to the state.

### 2. Statutes — Partial Invalidity — Effect.

The question as to whether portions of a statute which are constitutional shall be upheld while other portions are eliminated as unconstitutional is primarily one of intention. If the court can say that the act, with the conflicting provisions eliminated, is still such an act that it may be presumed the Legislature would have passed, had it known this provision was void, the remainder of the Act must be sustained; but if the povisions are so interwoven, as to be incapable of distinct separation, or of such character that it cannot be said the Legislature intended the valid parts should be enforced if the other parts fail, then the entire section must be held invalid.

### 3. Same.

If the obnoxious portion of the statute is of such import that the other portions without it will cause results not contemplated or desired by the Legislature, then the entire section must be held inoperative.

### 4. Same.

If the constitutional and unconstitutional portions of the section of the statute are so dependent upon each other as to warrant the belief that the Legislature intended them to take effect in their entirety, it follows that, if the whole cannot be carried into effect, it will be presumed that the Legislature would not have passed the residue independently, and accordingly the entire section is invalid.

### 5. Statutes — Construction — Source of Statute.

To arrive at the intention of the Legislature as to any section of the statute, the other sections of the act, together with other legislative enactments which relate to the same subject, and which were considered by the Legislature about the same time and in pursuance of and according to a general purpose, may be considered.

### 6. Escheat—Disposition of Proceeds—Constitutionality of Statute.

The provision of section 2, c. 32, Laws 1907-08 (section 8437, Rev. Laws 1910), that proceeds of land escheated from corporations shall be paid to the county school fund of the county in which the land is located and to the person giving the information upon which such escheat proceedings are based, renders the section repugnant to the provisions of article 11 of the Constitution, which provide all the proceeds of such escheat shall go to the permanent state school fund and be apportioned among the several common school districts of the state.

### 7. Statutes — Partial Unconstitutionality— Effect.

An elimination of the unconstitutional portion of section 2, c. 32, Laws 1907-08 (section 8437, Rev. Laws 1910), which provides that proceeds of escheat of lands held by corporations shall be paid to the county school fund, cannot be made without disposing of such proceeds in contravention of the legislative intent. and therefore the entire section must be held invalid.

Error from District Court, Mayes County; Chas. G. Watts, Judge.

Action of escheat by the State against the Parwal Investment Company and others. Judgment for the State, and defendants bring error Reversed and cause remanded, with directions to sustain demurrer.

Bond, Melton & Melton and Ames, Chambers, Lowe & Richardson, for plaintiffs in error.

W. E. Nicklin, Co. Atty., J. Howard Langley, and Harve N. Langley, for the State.

OWEN, J. This action was brought by the state, in the district court of Mayes county, to escheat certain lands in that county, record title of which was held by the Parwal Investment Company, a corporation organized under the laws of Missouri. Judgment was rendered for the state.

The action was instituted under section 2, c. 32, Sess. Laws 1907-08 (section 8437, Rev. Laws 1910, by which the Legislature sought to provide the procedure in actions of escheat of land held by corporations in violation of section 2, art. 22, of the Constitution (section 349, Wms. Anno.) This section of the statute provides:

"In all cases where, by reason of the provisions of section two, article twenty-two, of the Constitution of this state, the title to any real property in the state shall fail to vest in the grantee under any deed," etc.

The section of the Constitution referred to prohibits any corporation doing business in this state from buying or acquiring the character of lands in question here; but the provision does not prescribe a penalty for its violation, and was held by this court in the case of State v. Prairie Oil & Gas Co., 64 Okla. 267, 167 Pac. 756, not to be self-executing. As a general rule. it may be said that the violation of such a prohibition, where no specific penalty is imposed, does not accomplish an escheat of the property to the state. 10 R. C. L. 608; Louisville School

Board et al. v. King, 127 Ky. 824, 107 S. W. 247, 15 L. R. A. (N. S.) 379.

The land in question was conveyed to the corporation by warranty deed on July 9, 1910. This section of the Constitution not being self-executing, the corporation took title under that conveyance. The Supreme Court of California in the case of People v. Stockton Sav. & Loan Soc., 133 Cal. 611, 65 Pac. 1078, 85 Am. St. Rep. 225, where a similar question was presented, the Constitution of California prohibiting corporations from holding land for a period longer than five years, but without prescribing a penalty, held that a violation of the inhibition did not escheat the land. The Constitution of Pennsylvania contains a similar provision, and was construed to like effect by the Supreme Court of that state in Commonwealth ex rel. v. N. Y., L. E. & W. R. Co., 132 Pa. 591, 19 Atl. 291, 7 L. R. A. 634. In the case of Louisville School Board et al. v. King, supra, under a provision of the Kentucky Constitution prohibiting a corporation to hold land for more than five years under penalty of escheat, it was held that the mere holding for more than five years in violation of this section does not ipso facto escheat.

Title to the land in question did not fail to vest in the corporation, the section of the Constitution not being self-executing. Therefore the language found in section 2 of the act under which the action was instituted is without effect. This is the only section of the statute which undertakes to provide a procedure for escheat in such cases. Article 2, c. 13, Sess. Laws 1907-08 (section 1242, Rev. Laws 1910), prohibits the corporation from buying the land in question. But this act does not provide a penalty for such violation or a procedure to enforce this provision. The act under which this action was instituted was before the Legislature at the same time and approved only one day later than the act just referred to. As was said in the case of State v. Prairie O. & G. Co., supra:

"This latter act relates as its title indicates, largely to procedure in escheat cases."

The question necessary for determination is whether the petition filed under this section of the statute states a cause of action. The section being without effect, it follows the petition does not state a cause of action.

Another reason may be assigned for holding the petition does not state a cause of action. The section of the act, in providing procedure for escheat of lands held by corporations, provides that the proceeds arising from the sale of such lands shall go to the public school fund of the county on which the real estate is situated, and to the person giving the information upon which such escheat proceedings may be based and prosecuted. Under the provisions of article 11 of the Constitution all the proceeds of any property which falls to the state by escheat shall go to the permanent state school fund to be apportioned among the several common school districts of the state. Admitting the conflict, counsel urge that the section may be sustained and held valid, so far as it provides for escheat, and the other provisions naming the county fund and informer as the beneficiaries held to be surplusage.

It appears that the general purpose of the act was to provide for the escheat of land in two instances; (1) Where the owner dies leaving no heir; and (2) of farm lands held by corporations. If the court can say the section of the act with the conflicting provisions eliminated is still such an act as it may be presumed the Legislature would have passed, had it known this provision was void, the remainder of the section must be sustained. On the other hand, if the provisions are so interwoven as to be incapable of distinct separation, or of such character that it cannot be said the Legislature intended the valid parts should be enforced if the other parts fail, the entire section must be held to be invalid. Ex parte Gordon, 63 Okla. 35, 164 Pac. 1146; Com. L. & P. Co. v. Nix, 53 Okla. 220, 156 Pac. 293. If the obnoxious portion of the section is of such import that the other portions, without it, would cause results not contemplated or intended by the Legislature, then the entire section must be held inoperative. Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679.

The cardinal rule of statutory construction is to arrive at the intent of the Legislature. If the constitutional and unconstitutional portions are so dependent upon each other as to warrant the belief that the Legislature intended them to take effect in their entirety, it follows that, if the whole cannot be carried into effect, it will be presumed that the Legislature would not have passed the residue independently and accordingly, the entire section is invalid. And to arrive at this intent, we should consider, not only the other sections of this act, but the other legislative enactments which relate to the same subject, and which were considered by the Legislature at nearly the same time. Urban de Hasque v. A., T. & S. F. R. R., 68 Okla. 183, 173 Pac. 73; Board of County Com'rs v. Alexander, 58 Okla. 128, 159 Pac. 311; State v. Prairie O. & G. Co., supra.

Section 1 of the act provides for escheat

where the owner dies without leaving heirs, but does not provide that the proceeds shall go to the county school fund. Under section 6 of the act such proceeds are to be paid to the state treasurer. At about the same time the Legislature was considering this act it had for consideration the act providing for escheat of land acquired or held by aliens, the two acts being approved on the same day, the last appearing as chapter 49, Sess. Laws 1907-08 (article 3, c. 65, Rev. Laws 1910). By the terms of section 7 of that act (section 6652, Rev. Laws 1910) it is expressly provided that the proceeds of such escheat from alien owners shall be paid to the treasurer of the state for the benefit of the state school fund. Thus it appears we have three sections of the statute providing for escheat. In two instances, where the owner dies leaving no heirs, and where the land is held by an alien, the proceeds go to the state fund. In one instance, where the land is held by a corporation, the proceeds by express provision are to be divided between the county fund and the informer. Construing these sections and acts together, we must conclude that the affirmative and express provision that the proceeds arising from the sale of lands held by corporations shall be paid to the county school fund and the informer was intended by the Legislature to be enforced. To hold that the escheat may be declared under this section, but that the proceeds shall be diverted from the course expressly designated by the section and be passed to a separate and entirely different fund, would cause results not contemplated or intended by the Legislature. It appears the Legislature had a fixed purpose and intent as to the disposition of the proceeds of property escheated from corporations, and one different from escheats from aliens and for want of heirs.

Much has been said in this case, both in the oral arguments and briefs, of the dire results likely to follow the conclusion we have reached. We are prone to hope that counsel are to some extent mistaken; but, be that as it may, we must construe the law as we find it, and not always as we would have it. The framers of our Constitution believed it to be inimical to the public good that corporations, which may live always and grow ever so powerful, should be at liberty to hold and deal in farm lands, and in section 2, art. 22, of the Constitution, we find the manifest policy of the state to prevent this condition. The section was not made self-executing. but it was left to the Legislature to vitalize the provision and prescribe a penalty for its enforcement.

The writer of this opinion is in thorough accord with this policy, and may we not express the hope that future legislation will by proper act, vitalize this prohibition and prevent the results contemplated by counsel when corporations are permitted to take title to farm lands in the state?

The judgment of the lower court must be reversed, and the cause remanded, with directions to sustain the demurrer.

All the Justices concur, except TURNER, HARDY, and BRETT. JJ., being absent and not participating .