PELTER, Adm'x, v. SACRED HEART CATHOLIC CHURCH, INC.

*96 P. 2d 24.*

No. 29097. Nov. 14, 1939.

Everett C. Rauh, of Alva, for plaintiff in error.

Mauntel & Spellman, of Alva, for defendant in error.

HURST, J. Maggie Fennessey died leaving a will in which she devised a building in the city of Alva to the Sacred Heart Catholic Church. Her sister, Hannah Pelter, was the residuary legatee. The will was admitted to probate, and upon the death of the named executor, Hannah Pelter was appointed administratrix with will annexed. She filed her final account and petition for distribution, in which she alleged that the devise to the church was void because the property in question, being used for business and mercantile purposes, is not such as the church, a corporation, is authorized by its charter or by-laws to take or hold. Objections to the account and petition for distribution were filed by the church, and the issue was raised as to whether it could take and hold the devise. The county court, taking the view that it had no jurisdiction of this matter, deferred distribution of the property in dispute until the question be determined by a court of competent jurisdiction. The church appealed to the district court, and upon trial of the issues thus presented the court rendered judgment in favor of the church. Hannah Pelter, the residuary legatee, brings the case here on appeal.

She makes two attacks against the right of the church to take and hold this property: (a) The church has no authority to take any property by devise because of the statute of wills (sec. 1540, O. S. 1931, 84 Okla. St. Ann. § 45), which is a prohibition on the power of the testator to devise; (b) the particular property in question is not reasonably necessary for carrying on the objects of the corporation, and therefore the church has no authority to acquire, own, or hold such property because of section 2, art. 22, Okla. Const., and section 9929, O. S. 1931, 18 Okla. St. Ann. § 543.

The church takes the position at the outset that the residuary legatee is not entitled to challenge the right of the corporation either to take by devise or to hold the particular property involved, but contends that it is a matter that the state alone can raise. But under the view we take of the case, we do not deem it necessary to decide, or to intimate an opinion on, this matter. We will assume, for the purpose of this opinion only, that the residuary legatee may raise both questions, and we will consider the merits of the contentions made.

1. The first question is whether the statute of wills prohibits this corporation from taking property by devise. Section 1540, supra, provides:

"A testamentary disposition may be made to any person capable by law of taking the property so disposed of, except that no corporation can take under a will unless expressly authorized by its charter or by statute so to take."

Since the charter does not expressly

authorize the church to take by devise, we must look to the statutes. Section 9928, O. S. 1931, 18 Okla. St. Ann. § 542, provides a method of incorporation of religious corporations by referring to a previous section and making additional requirements. Section 9929, O. S. 1931, 18 Okla. St. Ann. § 543, provides that such corporations may hold property owned prior to incorporation, "as well as that acquired thereafter in any manner." (The word "acquired" appears as "accrued" in the 1931 Oklahoma Statutes, but that is a misprint. See section 1461, R. L. 1910.) Section 9936, O. S. 1931, 18 Okla. St. Ann. § 562, provides another method of incorporating a religious corporation in the event it is not desired to incorporate under the prior statutes, and as to corporations organized in such manner it is expressly provided that they may receive "title to real estate and other property by devise." An examination of the articles of incorporation contained in the record now before us discloses that apparently the church was incorporated by the method prescribed in section 9928, supra, and that is the position assumed by the parties in their briefs. The authority there given is to acquire property "in any manner," rather than specifically naming "by devise." However, we can think of no reason, based upon logic or justice, why the Legislature could have intended that the difference in the method of incorporation, wholly optional and relatively insignificant, should authorize one religious corporation to take by devise and prohibit another religious corporation so to take. We do not believe the Legislature intended to make such a distinction. The Legislature, therefore, must have intended that express authority to acquire property "in any manner" included express authority to acquire "by devise." The greater, and comprehensive express authority, includes the lesser and particular express authority required by section 1540.

We conclude, therefore, that under our statutes the corporation in question has authority to take property by devise.

2. Having determined that the church has the right to take by devise, the next question is whether the Constitution and statutes prohibit it from acquiring, owning, or holding this particular property on the ground that it is not reasonably necessary for the objects or business of the corporation.

The charter defines the purpose of the corporation as follows:

"The purpose for which this corporation is formed is to acquire and hold such property for church and other religious purposes, as may be necessary for its membership in religious worship and to conduct such worship and exercises."

Section 2, art. 22, of our Constitution provides that no corporation shall "acquire * * * real estate for any purpose * * * except such as shall be necessary and proper for carrying on the business for which it was chartered or licensed. * * *" Section 9929, discussed above in another aspect, provides that "no such corporation shall own or hold more real property than may be reasonably necessary for the business and objects of the said association."

The evidence in this case disclosed that the church owned three buildings in Alva: a new church building, a school and an old frame church building about 35 years old. The building involved in this action was, at the time of the death of testatrix, being used as a pool hall and beer garden, but the trustees of the church testified that they intended to do away with these enterprises and use the devised premises in lieu of the old church building, for recreational purposes and as a meeting place for certain church societies. The record shows that the present property was sufficient to house the number of church members, but that the old building was in a delapidated condition and was a fire trap. There was further evidence that the financial condition of the corporation was such that it could not afford to build a new building. One of the trustees testified that the devised property was absolutely necessary for the church organization.

The trial court in holding for the church is deemed to have found that the property was reasonably necessary for the objects of the corporation and for carrying on the objects for which it was chartered. Under these circumstances, we cannot say that this finding is against the clear weight of the evidence.

3. The residuary legatee makes a further argument, in her brief, that the testimony relative to the necessity of this property for church purposes was inadmissible because it was not first shown that the corporation was qualified to "take" under section 1540. What we have said above answers this contention and renders a further discussion unnecessary.

Judgment affirmed.

BAYLESS, C. J., and RILEY, CORN, GIBSON, and DANNER, JJ., concur. WELCH, V. C. J., and OSBORN and DAVISON, JJ., absent.