GOSS AND HAMLYN HOME, a corporation, of Rockford, Illinois, Plaintiff in Error,

v.

The STATE of Oklahoma, on relation of R. H. MILLS, County Attorney of Bryan County, Oklahoma, Defendant in Error.

No. 36575.

Supreme Court of Oklahoma.

June 28, 1955.

Frank M. Ryan, Rockford, Ill., Don Welch, Don E. Welch, Madill, for plaintiff in error.

R. H. Mills, Durant, for defendant in error.

JACKSON, Justice.

This is an action brought in the name of the State on relation of the County Attorney of Bryan County against Goss and Hamlyn Home, a corporation, organized under the laws of the State of Illinois, to recover penalties for wrongfully holding real estate in the county of Bryan, Oklahoma, in violation of 18 O.S.1951 §§ 1.20 to 1.25, inclusive. The parties will be given their trial court designations.

The facts are that Katie Goss Hamlyn died testate in Illinois on September 2, 1929. By the terms of her will, admitted to probate in Illinois, she gave all the rest and residue of her property, including her home in Rockford, Illinois, as a home for the aged, to be named The Goss and Hamlyn Home, said sum to remain where the execu-

tor finds it and to be reinvested there as it becomes due. Her will directed that the income from said sum be used to keep up and run the Home.

By her will she appointed R. E. Finerty, Flora E. Eddy, F. C. Weber, J. G. Tetlow and Flora Carpenter as trustees to manage the Home.

Deceased held mortgages on twenty-two tracts of land in Bryan County located outside of Cities and Towns, and on June 10, 1931, the executor assigned all of these mortgages to the trustees named in the will. It was stipulated that the twenty-two tracts of land covered by these mortgages were accepted by the trustees in satisfaction of the mortgage debts and no other consideration was paid therefor.

On March 2, 1932, Flora E. Eddy, James G. Tetlow, and F. C. Weber filed Articles of Incorporation in Illinois. The names of the first directors, as designated therein, were R. E. Finerty, Flora E. Eddy, F. C. Weber and James G. Tetlow, all of whom were designated as trustees under the will. The Articles of Incorporation further provide:

"1. The name of such corporation is The Goss and Hamlyn Home.

"2. The object for which it is formed is to establish, maintain, manage, care for, and keep up a home for aged women in such a way and manner as may be and is provided in and by the by-laws of this corporation, and under the Last Will and Testament of the late Katie Goss Hamlyn; to purchase, own, manage and in all ways control such property as may be necessary to carry out the above designated object under the terms of said will."

The parties stipulated that no court of probate nor of chancery ever authorized the incorporation of the trust estate created by the will.

It was further stipulated that the trustees of the trust estate conveyed, or caused to be conveyed to defendant corporation, these twenty-two tracts of land on May 13, 1936, and that since said date the defendant has paid all ad valorem taxes assessed against these properties, as well as all penalties required by law prior to the year 1951.

The further stipulation was that ever since the conveyance of the real estate to the defendant corporation the corporation has managed, controlled and rented out the real estate through an agent residing in Bryan County, and has, in some instances, placed improvements upon the property, and has collected the income therefrom; that all of the income, after deducting the expenses of administration, has been applied to the maintenance and operation of the Home for the aged described in the will; that this Home for the aged has been in active operation since May 13, 1936, for the purposes stated in the will.

Plaintiff alleged and contends that the defendant corporation is holding this land in violation of 18 O.S.1951 § 1.20; that more than seven years have elapsed since the land was acquired by the defendant corporation and there is now due a penalty for holding such tracts of six per cent on the assessed value thereon in the sum of $788.40, together with attorney fees in the sum of $197.10, 18 O.S.1951 § 1.23.

The trial court rendered judgment in favor of plaintiff for the amount claimed, decreed a lien against the land in question and directed the land be sold to satisfy the lien. Defendant corporation appeals.

Art. 22, § 2, Oklahoma Constitution, after providing that corporations shall not be precluded from acquiring title to land upon foreclosure or in collection of debts, provides that such corporation "shall not hold such real estate for a longer period than seven years after acquiring such title: And Provided, Further, That this section shall not apply to *trust companies* taking only the naked title to real estate in this State as a trustee, to be held solely as security for indebtedness pursuant to such trust".

18 O.S.1951 § 1.20, enacted in 1947, provides in part:

"a. No corporation *of any sort*, whether coming within the general scope of this Act or not, shall, except as herein provided, own, *hold*, or take any real estate located in this State

outside of any incorporated city, or town, or any addition thereto.

"b. Nothing in this Act shall be construed as prohibiting the owning, holding, or taking of: * * *

"(2) Naked title to real estate by any trust company as trustee, * * * or as trustee of an express or testamentary trust for the benefit of natural persons; * * *."

If defendant is a "trust company" and acquired only naked title for the benefit of natural persons, the constitutional and statutory provisions, supra, would exclude the defendant from payment of the penalties claimed, for nothing in Sec. 1.20, supra, shall prohibit the holding of naked title to real estate by any trust company as trustee of a testamentary trust for the benefit of natural persons.

We are of the opinion that the transfer of title, or attempted transfer of title, to the defendant corporation, did not divest the trustees named in the will of the equitable title to these properties. 54 Am.Jur., Trusts, Secs. 306 and 307.

We are also of the opinion that the trustees of the trust estate were without authority to incorporate the trust estate and cause this land to be conveyed to the corporation, and the corporation did not by reason thereof acquire the full legal and equitable title to the land, as contended by plaintiff. Garesche v. Levering Investment Co., 146 Mo. 436, 48 S.W. 653, 46 L.R.A. 232.

In 65 C.J., p. 584, § 371(5), it is stated:

"In the absence of authority conferred by the trust instrument, a trustee has no power to appoint his successor, and where he attempts to do so, the party nominally appointed as 'trustee' may, in law, be regarded as merely the 'agent' of the original trustee." See also 90 C.J.S., Trusts, § 216.

In the case before us defendant did not acquire title by foreclosure of mortgages or in the collection of debts, but title was transferred, or caused to be transferred to the corporation by the trustees of the testamentary trust. In Simler v. Wilson, 10

Cir., 210 F.2d 99, where testatrix devised farm land to a religious and benevolent corporation, it was held:

"Where corporate devisee was forbidden by Oklahoma Constitution and statute to take, acquire, hold, or own land such as that devised, no title vested in devisees and title immediately passed under law of descent and vested in sole heir at law of testatrix. O.S.1951 Const. art. 22, § 2; 18 O.S.1951 § 1.20."

We therefore hold that defendant acquired nothing more than a naked title to the land in question.

Webster's New International Dictionary, Second Edition, Unabridged, defines a trust company as:

"a. Any corporation formed for the purpose of acting as trustee. b. U.S. a bank organized under state laws for handling trusts and also performing all the ordinary banking functions except the issuing of bank notes."

In 89 C.J.S., Trust, p. 695, a trust company is defined as follows:

"* * * In its primary and ordinary sense the term 'trust company' signifies a corporation organized for the purpose of accepting, administering, and executing trusts. * * *"

On page 696 of the same Volume, we find the following statement:

"* * * A corporation does not become a 'trust company,' under the statutes of the state, by accepting a trust imposed by the assignment of notes payable to, and the certificates of stock of, its debtor corporation, with the direction that the proceeds be applied to the payment of the indebtedness of such corporation." Citing Hitchcolk v. Mortgage Securities Corporation, 95 Fla. 147, 116 So. 244, 254.

Defendant is not a "trust company" such as is organized pursuant to 6 O.S.1951 § 291 et seq., or a business trust such as is referred to in 60 O.S.1951, §§ 171–174. But keeping in mind the purpose of the exceptions provided for in Art. 22 of the Constitution and Sec. 1.20 of the Statute,

supra, the Constitution and Statute, we are of the opinion that the defendant is a "trust company" and excluded from the penalties imposed by 18 O.S.1951 § 1.23, supra.

In State Life Insurance Co. v. State ex rel. Kehn, 192 Okl. 271, 135 P.2d 965, this court held that a corporation is not liable for the penalty where corporation held only bare legal title and corporation's vendee held the equitable title.

The judgment of the trial court is reversed and judgment rendered for the defendant.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY and BLACKBIRD, JJ., concur.