Ben B. JOHNSTONE, Janet Smith formerly Johnston, Leota Johnston as residuary devisee under the last will and testament of Jerome B. Johnston, Deceased, and Leota Johnston as Executrix of the Estate of Jerome B. Johnston, Deceased, Plaintiffs in Error,

v.

Ray E. PATTERSON, Defendant in Error.

No. 40707.

Supreme Court of Oklahoma.

Oct. 4, 1966.

Varner & Miller, Poteau, for plaintiffs in error.

A. G. Windham, Poteau, Shaw, Jones & Shaw and Hugh M. Bland, Fort Smith, Ark., for defendant in error.

JACKSON, Vice Chief Justice.

The decisive question for decision in this case is whether the Young Women's Christian Association, a benevolent corporation of Topeka, Kansas, took title to two farms in LeFlore County, Oklahoma, under the last will and testament of Frank Babcock.

In 1912, Frank Babcock, a resident of Kansas, owned two farms in LeFlore County, Oklahoma. He devised these two farms in 1912 to the Young Women's Christian Association of Topeka, Kansas, a Kansas Corporation, subject to life estates in certain members of his family. Babcock died testate in Arkansas in 1914 and his will was admitted to probate in Arkansas in 1917. The will was admitted as a foreign will in LeFlore County, Oklahoma, in 1930. Ancillary proceedings have not been closed and a decree of distribution has not been made therein.

The life estates terminated on December 11, 1957, and are not material to this appeal. Title to said farms were conveyed by the YWCA to Ray E. Patterson by Warranty Deed in 1958, and he has been in possession of the farms since that time.

In 1958 Ray E. Patterson, plaintiff, filed this action in LeFlore County to quiet title

to these two farms against the defendants, Ben B. Johnstone, et al., who are the grandchildren and remote heirs of Frank Babcock.

At the trial it was stipulated that these farms were not and never had been located within the corporate limits of any city or town. The evidence shows that the YWCA of Topeka, Kansas, was never in actual occupancy of said farms and did not itself use said farms directly for carrying on the business for which said corporation was chartered or licensed, and that said farms were not necessary for carrying on the business for which said corporation was chartered or licensed. It had collected and used the rentals from said farms.

The trial court concluded that title passed to the Young Women's Christian Association and quieted title in the plaintiff Ray E. Patterson, and from said judgment the defendants, Ben B. Johnstone, and others, appeal.

Article 22, Section 2, Oklahoma Constitution, provides in material part that:

"No corporation shall * * * acquire * * * real estate for any purpose * * * except such as shall be necessary and proper for carrying on the business for which it was chartered or licensed * * *."

■ It is observed that Art. 22, Sec. 2, does not concern itself with the manner of acquisition and makes no distinction between real estate acquired by deed or by will.

■ In Parwal Inv. Co. et al. v. State, 71 Okl. 121, 175 P. 514, this court held Art. 22, Sec. 2, is not self-executing, and further held in the body of the opinion that:

"The land in question was conveyed to the corporation by warranty deed on July 9, 1910. This section of the Constitution not being self-executing, the corporation took title under that conveyance."

In State ex rel. Short v. Benevolent Inv. & Relief Ass'n, 107 Okl. 228, 232 P.

35, 37 A.L.R. 190, we held, as reflected by the first paragraph of the syllabus, that:

"A conveyance of real estate by the owner to a corporation, duly organized under the laws of the territory of Oklahoma, or of the state of Oklahoma, may vest title to such real estate in such corporation, although the acquiring or holding of such real estate be beyond the power granted to such corporation by its charter."

In Wolfe v. State ex rel. Presson, 163 Okl. 180, 21 P.2d 1067, as shown in the fourth paragraph of the syllabus, we held:

"The object of the provisions of section 2, article 22, of the Constitution is to prevent the holding of excessive real estate by a corporation, and if at any time before escheat proceedings are begun the corporation divests itself of title to said real estate by a conveyance, said purchaser takes a good title by virtue of said conveyance, and the state cannot thereafter maintain an action to forfeit said real estate to the state, as the transfer of the real estate has effected the object and purpose of said constitutional provision."

In the body of the opinion in Texas Co. v. State ex rel. Coryell, 198 Okl. 565, 180 P.2d 631, we said:

"Incidentally, unless title did pass there would be no property right therein of the defendant to be subject to escheat. It was so held in Local Inv. Co. v. Humes, 51 Okl. 251, 151 P. 878, and State ex rel. Short v. Benevolent Inv. & Relief Ass'n (107 Okl. 228, 232 P. 35, 37 A.L.R. 190), supra."

In United States Gypsum Company v. State ex rel. Rutherford (1958), Okl., 328 P.2d 431, we reaffirmed our conclusion that Art. 22, Sec. 2, Constitution, is not self-executing.

■ The foregoing decisions make it abundantly clear that Art. 22, Sec. 2, standing alone, did not prevent Frank Babcock from transfering, and the Young Women's Christian Association from accepting title to these farms.

Since the constitutional prohibition does not concern itself with the form of transfer, under the constitution it is immaterial that title passed by the last will and testament of Mr. Babcock and not by warranty deed.

Whether 84 O.S.1961, § 45 (R.L.1910, § 8342) prevented title from passing to the YWCA upon the death of testator in 1914 must be considered. That section of the statute provides:

"A testamentary disposition may be made to any person capable by law of taking the property so disposed of, except that no corporation can take under a will, unless expressly authorized by its charter or by statute so to take."

The YWCA charter provides:

"That the purpose for which this corporation is formed is the improvement of the physical, social, intellectual and spiritual condition of young women, and to this end to acquire, own, hold, lease, enjoy, sell and convey any and all kinds of property, real, personal or mixed."

■ The charter does not specifically authorize the YWCA to acquire property by a will but it does not prevent the acquisition of property by wills. However, 18 O.S.1961, § 543 (R.L.1910, § 1461), authorizes religious, charitable, educational, and benevolent corporations to acquire property in "any manner" in the following language:

"All such corporations may hold all the property of the association owned prior to incorporation, as well as that acquired thereafter in any manner and transact all business relative thereto; but no such corporation shall own or hold more real property than may be reasonably necessary for the business and objects of the said association."

■ This section (Sec. 543) undoubtedly is broad enough to expressly authorize the taking of *personal* property by religious, educational and benevolent corporations by wills as is required by 84 O.S.1961, § 45, supra. As to real property Section 543, supra, first authorizes religious, education-

al, and benevolent corporations to hold all property owned prior to incorporation "as well as that acquired thereafter *in any manner*" (emphasis supplied), and then provides that no such corporation shall own or hold more real property than may be reasonably necessary for the objects of the corporation. "Acquired * * * in any manner" authorizes benevolent corporations to *take* real property by will. The prohibition under Section 543 is not against taking or acquiring, but against owning and holding more real property than is reasonably necessary for the objects of the corporation, and is quite similar to the provisions of Art. 22, Sec. 2, Okla.Const.

■ Before considering prior decisions of this court we think it is pertinent to notice that 84 O.S.1961, § 45, supra, was not enacted as a "forced heir statute" for the benefit of deceased's family.

In Riley v. Collier, 111 Okl. 130, 238 P. 491, the testator gave the residue of his estate, which included real property, to Riley, et al., in trust for the exclusive use and benefit of the Catholic Orphans Home in Oklahoma County and directed them not to sell the property until it was demonstrated that no oil or gas would be found under the land, and if found, not to sell the land so long as oil could be produced in paying quantities. This provision of the will was upheld upon the ground that the will directed the conversion of real property into money (84 O.S.1961, § 172) and that the corporation could accept the gift of personalty under the provisions of 18 O.S. 1961, § 543, supra.

In Pelter v. Sacred Heart Catholic Church, 186 Okl. 45, 96 P.2d 24, testatrix devised a building in Alva, Oklahoma, to the Sacred Heart Catholic Church. A sister of testatrix contested the right of the Church to accept the gift because it was not the type of property that it was authorized to take and hold under its charter. In the first paragraph of the syllabus we held:

"Section 9929, O.S.1931, 18 Okl.St.Ann. § 543, authorizing religious corporations

to acquire property 'in any manner,' construed in connection with other statutes relating to religious corporations, is sufficient express authority to take property by devise as required by section 1540, O.S.1931, 84 Okl.St.Ann. § 45, in order to authorize such corporation to take under a will."

In the Pelter case the corporation's "authority to take property or business (a store building) by devise" was determined without reference to, or consideration of, the question of whether the corporation had a right to hold. After having so determined, the court then considered the question of whether the corporation had the authority to own or hold the property therein devised.

From the foregoing we conclude that, subject to the life estates, title to these two farms passed to the YWCA upon the death of Mr. Babcock in 1914.

■ The defendants herein rely almost exclusively upon Simler v. Wilson et al., 10 Cir., 210 F.2d 99, and Goss and Hamlyn Home v. State ex rel. Mills, Okl., 285 P.2d 428, for a reversal of the trial court. The Simler case involved, for the most part, a construction of Section 20 of the Business Corporation Act of Oklahoma (18 O.S.1951, § 1.20) which was enacted in 1947 and is not controlling in the instant case where the testator died in 1914. 84 O.S.1961, § 175, R.L.1910, Sec. 8405, Russell v. Davison, 184 Okl. 606, 89 P.2d 352, 121 A.L.R. 1063.

In Simler v. Wilson the testatrix died in 1952. Her will gave 160 acres of farm land to a benevolent corporation. That court rejected the argument that 18 O.S.1951, § 543, supra, as well as Secs. 541–589 (most of which were enacted prior to 1914), govern and control religious, educational, and benevolent corporations, and continued:

"But in language too plain for doubt, section 20 of the Business Corporation Act provides that no corporation of any sort, whether coming within the general scope of the Act, or not, shall, except as therein provided, take, hold, or own any real estate located outside of any incorporated city or town, or addition thereto. * * *"

That language implies that 18 O.S.1951, §§ 541–589, supra, were repealed by Section 1.20 of the Business Corporation Act. While it is not necessary for us to explore that question in this case we do notice that while the Business Corporation Act specifically repealed many sections of the statutes it did not specifically repeal Secs. 541–589, supra. The Simler opinion was promulgated on November 9, 1953, after the Legislature had adjourned, and it is interesting that the Legislature at its next session (1955) amended 18 O.S.1951, § 1.20, supra, to provide:

"d. This Section shall not apply to religious, educational, charitable or eleemosynary corporations, upon taxable property."

If we correctly understand the Simler case it held that the benevolent corporation could not, and did not, take title under the provisions of 18 O.S.1951, § 1.20; that the devise was void; and where no title passed to the corporation an heir could attack the devise. In the instant case we hold that title did pass to the benevolent corporation by authorization of R.L.1910, Sec. 1461, 18 O.S.1961, § 543, supra, and do not determine whether an heir may attack a devise which is void.

In Goss and Hamlyn Home v. State, Okl., 285 P.2d 428, the testatrix held mortgages on twenty-two tracts of farm land located in Bryan County, Oklahoma. By her last will she gave this property and other property in trust to trustees for the purpose of establishing and maintaining a home for the aged in Illinois. After her death in 1929, her trustees accepted title to these twenty-two tracts of land in exchange for cancellation of the mortgages. In 1932 these trustees organized a corporation and gave it the name of Goss and Hamlyn Home. Its object was to establish and maintain a home for aged women as provided in the last will of testatrix. In 1936 the trustees conveyed, or attempted

to convey, these twenty-two tracts of land to the corporation.

The State sued for penalties under the provisions of 18 O.S.1951, § 1.20 et seq., and we found nothing in Sec. 1.20 that would prohibit the corporation from holding naked legal title to real estate. We also held, however, that the transfer, or attempted transfer of title to the corporation did not divest the trustees named in the will of the equitable legal title, citing 54 Am.Jur., Trusts, Secs. 306 and 307. We concluded further that the trustees were without authority to incorporate the trust and convey the land to the corporation, and therefore the corporation did not acquire the full legal and equitable title to the land, citing authorities. We then quoted from Simler v. Wilson, 210 F.2d 90, not for the purpose of showing that title did not pass in the Simler case, but as authority for the proposition that where no title passes by an instrument of conveyance the title remains where it was prior to the purported conveyance. That is, in the trustees in the Goss case, because their attempt to exercise powers not authorized by the will or by law was ineffective to transfer title.

Defendants invite attention to Sections 1242, 1243, 1244, and 1245 of the Revised Laws of 1910 and Sections 8436–8442 of the Revised Laws of 1910, as an indicative of legislative interpretation that under Art. 22, Sec. 2, some titles would never vest in the defendant named in the escheat case. It seems to us that this argument has been foreclosed in former decisions of this court which have been cited earlier in this opinion. Our conclusion as announced earlier in this opinion is that Art. 22, Sec. 2, did not prevent title passing under Frank Babcock's will to the YWCA in 1914, and that 18 O.S.1961, § 543, supra, authorized the YWCA to accept the title as an exception to the provisions of 84 O.S.1961, § 45, supra.

Having concluded that title passed in 1914 under the terms of the will the question of whether the corporation could continue to own or hold the property is of no concern to the defendants herein under cases cited earlier in this opinion.

The judgment of the trial court is affirmed.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, HODGES, and LAVENDER, JJ., concur.

BERRY, J., dissents.