Archie T. BARTON, for himself and as Executor of the Estate of Clara M. Barton, deceased, Olive Dearing and T. W. Dearing, her husband, and Audine Brown and M. B. Brown, her husband, Plaintiffs in Error,

v.

BAPTIST GENERAL CONVENTION of the State of Oklahoma, an Oklahoma Corporation, a. k. a. Oklahoma Baptist General Convention, Defendants in Error.

No. 43214.

Supreme Court of Oklahoma.

Oct. 6, 1970.

As Corrected Dec. 22, 1970.

Rehearing Denied Dec. 22, 1970.

Samuel K. Barton, Arnett, for plaintiffs in error.

Miller, Melone, Wilson, Adams & Spencer, Oklahoma City, for defendants in error.

McINERNEY, Justice:

By warranty deed dated August 16, 1944, the plaintiffs-in-error (Grantors) conveyed their interest in certain land to a grantee named in the instrument as "Oklahoma Baptist General Convention, a corporation." The Baptist General Convention, took possession of the land described tion, took pssession of the land described in the warranty deed and since that time has farmed the land to supply food for their Orphans' Home. In 1967, the Baptist General Convention of the State of Oklahoma, (Plaintiff) filed an action to quiet title to approximately 800 acres, which included the tract involved in this appeal.

The Grantors contend that their warranty deed conveyed no interest in the described land to the "Baptist General Convention of the State of Oklahoma, a corporation" since the grantee in the deed was named "Oklahoma Baptist General Convention, a corporation." The trial court found and held in its Journal Entry of Judgment that "The corporate name of plaintiff is 'Baptist General Convention of the State of Oklahoma,' and plaintiff is one and the same corporation as 'Oklahoma Baptist General Convention' of Oklahoma County, Oklahoma, said name having been sometimes used in deeds and otherwise, meaning and referring to said plaintiff, Baptist General Convention of the State of Oklahoma." The court held that the warranty deed conveyed the right, title and interest of the Grantors to the Plaintiff.

The record clearly supports this finding and conclusion, and the judgment is affirmed.

The conveyance from Grantors to Plaintiff was in 1944. Title 18 O.S.1941, § 5, then in effect and dispositive of this case, provides:

"Every corporation must have a corporate name, which it has no power to change unless expressly authorized by law; but the misnomer of a corporation in any written instrument does not invalidate the instrument if it can be reasonably ascertained from it what corporation is intended. R.L.1910, § 1213."

The corporation intended in the warranty deed is obvious.

 Grantors also contend that Article 22, § 2, Oklahoma Constitution prohibits the acquisition by plaintiff of land then outside the incorporated city limits for farming purposes. We have recently held otherwise. Johnstone v. Patterson, Okl., 418 P.2d 656 (1966); LeForce v. Ballard, Okl., 454 P.2d 297 (1969). Also, we cannot say that the finding of the trial court that farming is necessary and proper to the corporate purpose and charitable function of maintaining a children's home is against the clear weight of the evidence or contrary to law. LeForce, supra.

Affirmed.

All the Justices concur.