The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Are the provisions of 75 O.S. 26.21 [75-26.21] (1971) valid in whole or in part? The provisions of 75 O.S. 26.21 [75-26.21] (1971) establish a schedule governing proceedings of the houses of the Oklahoma Legislature and the language contained therein has been the subject of two (2) prior Attorney General opinions, to-wit: A. G. Op. 63-203 (April 3, 1963) and A. G. Op. 66-304 (August 17, 1966). The latter opinion, issued subsequent to amendments to the Oklahoma Constitution, as Article V, Section 26, Article V, Section 27, is particularly applicable. The conclusions reached are quoted for your convenience as follows: (1) No legislature can enact laws or procedural rules imposing a time limit upon regular legislative session shorter than that now provided in the Constitution, which would be binding upon future legislative bodies, or the same legislature. (2) Each house has power to establish its own procedural rules, including provisions for adjournment sine die, which rules can be amended at any time. The rules of neither house are binding upon the other. The fact that both houses have enacted an identical rule by mutual consent would not prevent either house from later amending its rules. (3) No limitations exist upon the power of each successive legislature to provide its own rules of procedure, including time of adjournment, except the provisions of Article V, Section 26 (as amended in 1966) limiting each regular session to ninety legislative days, and Article V, Section 30 prohibiting adjournment by either house for more than three days without consent of the other. (4) There is no lawful means of imposing further limitations upon length of legislative sessions which would be binding upon future legislative bodies, or which would not be subject to amendment at any time by either house, of any legislature, except by an amendment to the Constitution. (5) The two houses of any legislature may by mutual consent adopt identical rules of procedure relating to time of adjournment, which rules may provide for adjournment sine die at a time earlier than required by the Constitution, which rules will be binding upon the respective house of the legislature adopting them until amended by either or both houses. Any such rules, to be effective on a continuing basis, would have to be adopted by both houses of each successive legislature, at each regular session. Upon consideration of the authorities cited in the two prior opinions, it is concluded that A. G. Op. 66-304 (August 17, 1966) contains a correct and well-reasoned statement of the law. While not cited in support of the prior opinions, the conclusions reached are more compelling by reason of the provisions of Article V, Section 36 of the Oklahoma Constitution: The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever. Of particular concern as indicated in your request is the constitutionality of sub-paragraph (10) of 75 O.S. 26.21 [75-26.21] providing: (10) On the ninety-first legislative day each house shall convene at 10:00 A.M. and, unless the session be extended by a concurrent resolution adopted by a two-thirds vote of the members elected to and constituting each house, the legislature shall adjourn sine die at 12:00 noon; provided, however, that nothing herein shall prohibit adjournment of the legislature at any earlier date upon adoption of a concurrent resolution therefore. Emphasis added. Such a provision must be measured against the provisions of Oklahoma Constitution, Article V, Section 26 and Article V, Section 27 governing Regular and Special session: "Article V, Section 26. The Legislature shall meet in regular session at the seat of government on the first Tuesday after the first Monday in January of each year, beginning at twelve o'clock noon, or upon such other day as may be provided by law. Each regular session of the Legislature shall be limited to ninety legislative days. "Article V, Section 27. The Legislature shall hold regular annual sessions as herein provided, but this shall not prevent the calling of special sessions of the Legislature by the Governor." It is clear from the provisions of Article V, Section 26 that the legislature is constitutionally unable to sit in session for a ninety-first legislative day, absent being called into special session by the Governor. It necessarily follows that the Legislature is unable to extend the length of the Regular Session beyond the ninetieth day, concurrent resolution or not. The Legislature has no inherent power to convene itself, such power requiring specific grant by the Constitution of Oklahoma, and any act of members so assembled will not have force and effect of law. Simpson v. Hill,128 Okl. 269, 263 P. 635, 56 A.L.R. 706 (1927). The unconstitutionality of 75 O.S. 26.21 [75-26.21](10), however, does not, in and of itself, invalidate the entire statute. Parwal Inv. Co. v. State, 71 Okl. 121, 175 P. 514 (1918), Syllabi 2-5. However, in the instant case, it has heretofore been held that, to the extent that either house of the 37th Legislature or any subsequent Legislature has failed to adopt the provisions of 75 O.S. 26.21 [75-26.21] (1971) as a part of its procedural rules, the provisions of that statute are ineffective to bind the conduct of its members. A. G. Op. 66-304, supra. It is, therefore, the opinion of the Attorney General that: 1. The provisions of 75 O.S. 26.21 [75-26.21](10) (1971), to the extent that such provisions authorize or tend to authorize the Legislature to convene its Regular Session subsequent to the ninetieth legislative day is violative of Article 5, 26 of the Oklahoma Constitution, are void; 2. The entirety of the statute codified as 75 O.S. 26.21 [75-26.21] (1971) is invalid to govern the proceedings of this or any subsequent Legislature except where, by the affirmative consent of each of the houses of the legislature, rules incorporating such proceedings are adopted; notwithstanding that one or both houses of the legislature may adopt the substance of the proceedings described in 75 O.S. 26.21 [75-26.21] (1971) nothing may prohibit a house of the legislature from modifying or repealing such rules without the consent of the other. (MANVILLE T. BUFORD) (ksg) ** SEE: OPINION NO. 88-558 (1988) (UNPUBLISHED) **