Dear Representative Roach,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
Under the provisions of Article XXII, § 2 of the OklahomaConstitution, may an Oklahoma charitable and eleemosynarycorporation acquire, own, operate, lease and trade in real estatein the state of Oklahoma outside an incorporated city or town toearn income to support its charitable and eleemosynary purposes?
 Constitutional Limits on Legislative Power
¶ 1 The Constitution of the State of Oklahoma, Article XXII, §2, restricts corporate ownership of rural real estate, but provides certain exceptions to the prohibition.
¶ 2 The first prohibition states that "[n]o corporation shall be created or licensed in this State for the purpose of buying, acquiring, trading, or dealing in real estate." Id. There is an exception for real estate located in incorporated cities and towns and additions thereto. The second prohibition provides, "nor shall any corporation doing business in this State buy, acquire, trade, or deal in real estate for any purpose." Id.
The exception relevant to your inquiry allows such dealing "as shall be necessary and proper for carrying on the business forwhich . . . [the corporation] was chartered or licensed." Id.
(emphasis added).
¶ 3 The Oklahoma Supreme Court has held that the constitutional prohibition of Article XXII, § 2 "is not self-executing."Johnstone v. Patterson, 418 P.2d 656, 658 (Okla. 1966). Taken as a whole, the constitutional limitations have been interpreted as directed against "land companies" whose purpose is to trade in rural property in the state of Oklahoma.
 The intention of the framers of the Constitution was not to prevent private corporations from owning land, but to prevent land companies from buying rural land and further to prevent private corporations from buying more rural land than necessary and proper for their operation, so as to encourage private rural home ownership.
LeForce v. Bullard, 454 P.2d 297, 303 (Okla. 1969) (second emphasis added).
 Legislation
¶ 4 The "reasonable and necessary" exception to the constitutional prohibition is included in several legislative acts which address the statutory authorization of charitable corporations to deal in real estate. Title 18 O.S. 1991, § 543[18-543]
provides:
 All corporations organized for religious, charitable, educational or scientific purposes may hold all the property of the association owned prior to incorporation, as well as that acquired thereafter in any manner and transact all business relative thereto; but no such corporation shall own or hold more real property than may be reasonably necessary for the business and objects of the said association.
Id. (emphasis added).
¶ 5 Authorization to deal in real estate for the purpose of acquiring funds to fulfill the purpose of the charitable corporation is recognized in 18 O.S. 1991, § 549[18-549]:
 Any corporation heretofore or hereafter organized under the laws of the State of Oklahoma for charitable or educational purposes may maintain and carry on any and all kinds of business enterprises that an individual or corporation may lawfully carry on under the laws of the State of Oklahoma as auxiliary enterprises and may do so either directly or through any other corporation or corporations, a majority of whose stock it lawfully owns, in order that additional funds may be obtained with which to carry out only the charitable or educational purposes of such corporation.
Id. (emphasis added).
¶ 6 The Legislature also specifically lists methods of authorized acquisition, use and disposal of real property by charitable corporations in 18 O.S. 1991, § 588[18-588]:
 Any charitable corporation, including chartered fraternal, grand and subordinate lodges and societies, are hereby empowered to receive, either by way of gift, purchase, grant, devise or by will, real or personal property, and to hold the same, and to dispose of the same in the carrying out of the purposes of the corporation, society or lodge.
Id. (emphasis added).
¶ 7 Based upon this review of the relevant statutes, we will focus on the constitutional provisions of Article XXII, § 2 and the interpretation by the courts of the statutes which allow charitable corporations to deal in rural real estate so long as such acts are reasonably necessary to carry out the purpose ofthe corporation.
 Interpretation By The Oklahoma Supreme Court
¶ 8 Article XXII, § 2 of the Oklahoma Constitution, in conjunction with relevant legislation regarding charitable corporations, has been considered numerous times by the Supreme Court of Oklahoma. In Johnstone, the Court considered a bequest to the Young Women's Christian Association and distinguished a 1953 decision by the Tenth Circuit which had declared transfers of rural land in Oklahoma to religious and benevolent corporations invalid. See Johnstone, 418 P.2d at 660. The federal court held the absolute prohibition of the General Corporations Act, as originally enacted in 1947, to be controlling, despite the exception for charitable corporations provided in 18 O.S. 1951 § 543[18-543]. See Simler v. Wilson,210 F.2d 99, 104 (10th Cir. 1953). After the Simler opinion in 1953, the Legislature amended the Oklahoma General Corporations Act in its next session in 1955,[1] to specifically exclude charitable and eleemosynary corporations from the prohibition on ownership of rural land. See Johnstone, 418 P.2d at 660.Johnstone relied upon 18 O.S. 1961, § 543[18-543] to uphold the bequest to the charitable corporation. See id. at 661.
¶ 9 In LeForce the Court defined "necessary and proper" as "that which is proper, useful and suitable and thus conducive to the accomplishment of the purposes of the corporation" and not limited to "indispensably necessary." LeForce, 454 P.2d at 302
(quoting Texas Co. v. State ex rel. Coryell, 180 P.2d 631,632-33 (Okla. 1947)).
¶ 10 A later case involved a charitable corporation which owned a home for orphans. In Barton v. Baptist Gen. Convention,477 P.2d 679 (Okla. 1970), the Court held that land outside the incorporated city limits acquired by the Baptist General Convention of the State of Oklahoma was not subject to the constitutional prohibition. This ruling was based upon a finding of fact by the trial court that the charitable corporation, which intended to use the land for farming, fell within the exception in that farming was "necessary and proper to the corporate purpose and charitable function of maintaining a children's home." Id. at 680.
¶ 11 In 1975, the Court again upheld a bequest of rural real estate to a charitable trust. See In re Estate of Campbell,532 P.2d 1374, 1376 (Okla. 1975). The Court again cited 18O.S. 1961, § 543[18-543] as constituting express authority for a charitable corporation to acquire real property, subject to a prohibition against owning or holding "more real property thanis reasonably necessary for the [business and] objects of the corporation." Id. (emphasis added).
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Article XXII, § 2 of the Oklahoma Constitution does notprohibit a charitable and eleemosynary corporation fromacquiring, owning, operating, or trading real estate outside anincorporated city or town in the State of Oklahoma, providedthat such transactions are necessary and proper to accomplishingthe purpose of the corporation.
 2. Title 18 O.S. 1991, §§ 543, 549 and 588 specificallyallow a charitable and eleemosynary corporation to acquire, ownand trade real estate outside an incorporated city or town in theState of Oklahoma, provided that such transactions arenecessary and proper to accomplishing the purpose of thecorporation.
 3. Determining whether specific transactions in real estateoutside an incorporated city or town in the State of Oklahoma arenecessary and proper to accomplishing the purpose of acorporation is a question of fact which cannot be addressed in anAttorney General Opinion. See 74 O.S. Supp. 2000, §18b(A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ANNETTE HOOPER PRINCE ASSISTANT ATTORNEY GENERAL
[1] See 18 O.S. Supp. 1955, §§ 1020[18-1020](D).